## Commonwealth v. Reiman

*Michael Vedomsky, assistant district attorney,* for the Commonwealth.
*Lorenzo W. Crowe, Jr.,* for defendant.

GRIFO, *J.,* February 11, 1985—This matter is before the court on defendant's motion to quash the information charging her with prostitution under section 5902(a) of the Pennsylvania Crimes Code of December 6,. 1972, P.L. 1482, 18 P.S. §5902(a).

Defendant allegedly performed a massage, while she was topless, upon a Northampton County detective. This *massage* included masturbation of the genitalia. The detective paid $35 for the genital massage, and an additional $20 for defendant to perform the massage topless. The acts allegedlly occurred at a Bethlehem establishment known as "The Body Clinic," where defendant was employed as a masseuse. Following a preliminary hearing on

September 19, 1984, this matter was bound over for trial.

Defendant moves to quash the information on the basis that section 5902 of the Crimes Code (Prostitution and Related Offenses), is void for vagueness as applied to her, in violation of the due-process clause of the Fourteenth Amendment of the United States Constitution. Section 5902 provides in part:

"(a) Prostitution — A person is guilty of prostitution; a misdemeanor of the third degree, if he or she:

"(1) is an inmate of a house of prostitution or otherwise engages in sexual activity as a business . . . ." Subsection (f) of section 5902 gives the following definition to the phrase "sexual activity": "includes homosexual and other deviate sexual relations."

In support of her vagueness argument, defendant cites the decisions of two Pennsylvania common pleas courts which have examined the vagueness of the prostitution statute as applied to masturbation of a male by a nude or semi-nude female. These two decisions are the only ones precisely on point on the issue before us. First, in Commonwealth v. Dougan, 5 D.&C.3d 406 (1977), the Court of Common Pleas of York County granted defendant's motion to quash the complaint on the basis that prostitution as defined in section 5902(a) requires sexual activity involving at least some penetration. The court reached this conclusion based on the common-law definition of prostitution, which was "illicit intercourse for hire." Id. at 408. Although the legislature expanded the common-law definition to include "homosexual and other deviate sexual relations," the court surmised that in all of these activities there must be penetration, however slight, before the illegal act is committed. Since no penetration was contemplated by defendant for the proposed

massage, the act was not included within the statute's definition of sexual activity, "however abhorrent such activity may be to the court." Id. at 409.

Conversely, the Court of Common Pleas of Lehigh County has concluded that the prostitution statute as applied to a genital massage for money is not unconstitutionally vague. Commonwealth v. Israeloff, 8 D.&C.3d 5 (1978). Judge Wieand held that the definition of sexual activity provided in subsection (f) of section 5902 of the Crimes Code does not limit the offense to the activity described, but merely adds such activity to other types of sexual activity. Under the constitutional standards which must be applied when assessing the vagueness of a penal statute, Judge Wieand concluded that the prostitution statute was not unconstitutionally vague as applied to this specific type of activity.

A penal statute may be unconstitutionally vague because it contains no ascertainable standard of conduct, or it may be vague because the ascertainable standard of conduct may or may not include certain types of conduct. If the statute contains no ascertainable standard of conduct, or if the standard of conduct prohibits activity which is protected by the First Amendment, the statute will be declared unconstitutionally vague on its face, without regard to the specific conduct of the individual challenging the statute. However, if the statute contains an ascertainable standard which does not infringe upon First Amendment rights, the vagueness of the statute may be determined only by applying it to the conduct of the person challenging the statute. Smith v. Goguen, 415 U.S. 566, 39 L.Ed.2d 605 (1974); Com. v. Mack, 467 Pa. 613, 359 A.2d 770 (1976). In the present case, since the statute provides an ascertainable standard of conduct (the defi-

nition of "sexual activity"), and no First Amendment issue is involved, its possible vagueness must be determined as applied to the specific conduct in which this defendant engaged.

A criminal statute which is so vague that it fails to give reasonable notice of the conduct which it prescribes to a person charged under its provisions is violative of due process. The applicable standard is whether "men of common intelligence must necessarily guess at its meaning." Smith v. Goguen, supra; Com. v. Heinbaugh, 467 Pa. 1, 354 A.2d 244 (1976). However, the constitutional prohibition against vagueness does not invalidate every statute which could have been drafted with greater precision. Due process requires only that the law give sufficient warning so that individuals may conform their conduct so as to avoid that which the law forbids. Rose v. Locke, 423 U.S. 48, 46 L.Ed. 2d 185 (1975). In addition to the above constitutional standards, this court is mindful of the fact that penal statutes must be strictly construed in favor of a defendant. 1 Pa.C.S. §1928(b)(1); Com. v. Darush, 256 Pa. Super. 344, 389 A.2d 1156 (1978).

When the presently contested portion of section 5902 is evaluated under these well-settled constitutional principles, it must be concluded that it is not vague as applied to the act of genital massage for money. No Commonwealth appellate court decision addresses the constitutional challenge to the prostitution statute as directly applied to these facts. The Commonwealth is incorrect when it asserts that Com. v. Potts, 314 Pa. Super. 256, 460 A.2d 1127 (1983), is controlling. In Potts, the prostitution statute was challenged as applied to an agreement to engage in oral sex for money, not the type of activity involved here. We are left, then, with two varying trial court interpretations of the statute. Although

we are not bound by either of these decisions, we believe the analysis of the Lehigh County Court of Common Pleas in Commonwealth v. Israeloff to be a more accurate application of the constitutional standards.

Judge Wieand determined that according to the "fair import" or "common usage" of the term "sexual activity" "there can be no doubt that it includes the masturbation of a naked man by a nude or semi-nude woman." Judge Wieand further wrote:

"Counsel conceded at argument that this is so firmly established and so well accepted that if the issue were randomly placed before 100 persons an affirmative response would probably be unanimous. Each person asked would undoubtedly agree that manipulating the male sexual organs by a nude woman in order to achieve sexual arousement of the male is 'sexual activity.' " Israeloff, 8 D.&C.3d at 7.

In Commonwealth v. Dougan, 5 D.&C.3d 406 (1977), the York County Court did not undertake a detailed constitutional analysis of the prostitution statute when it granted defendant's motion to quash. Instead, the court summarized a history of the definition of prostitution as it existed at common law. It concluded that even though the present constitutional statute added the words "includes homosexual and other deviate sexual relations," the definition of prostitution did not extend to any activity beyond penetration.

Although the present statute is in derogation of the common-law, we believe that it should not be limited by the common-law definition of prostitution. The legislature, by adding the definition of "sexual activity," intend to expand the types of proscribed activities. "Men of common intelligence" would conclude that masturbation for hire is within the range of types of sexual activity. Defendant in

the present case, therefore, had notice and fair warning as required by due process that she was violating the law by engaging in manual sexual stimulation for the payment of money. We believe that section 5902(a) is not unconstitutionally vague as would cause defendant to seriously believe that she was not providing some form of sexual gratification for the payment of money.

Finally, our conclusion of constitutionality of the prostitution statute is supported by the presumption of constitutionality set forth in the Statutory Construction Act of December 6, 1972, P.L. 1339, §3, 1 Pa.C.S. §1922(3), which has not been overcome in the present case.

### ORDER OF COURT

And now, this February 11, 1985, in accordance with the foregoing opinion, defendant's motion to quash is hereby denied and dismissed.