359 A.2d 770

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Constance M. MACK.**

Supreme Court of Pennsylvania.

Argued April 1, 1976.

Decided July 6, 1976.

614

Timothy H. Knauer, Asst. Dist. Atty., West Chester, for appellant.

John R. Merrick, Public Defender, Thomas R. Wilson, R. Kerry Kalmbach, Asst. Public Defenders, West Chester, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

This case presents the narrow issue whether 18 Pa.C. S.A. § 4304 (1973), "Endangering the welfare of children," is unconstitutionally vague. On September 19, 1974, appellee Mack was indicted for violating the section. She filed a pretrial application for dismissal of the indictment on December 30, 1974, alleging that the statute was unconstitutionally vague. After a hearing, the trial court granted the application on March 21, 1975. The Commonwealth appealed directly[1] to this Court. We reverse.

The statute provides:

"A parent, guardian, or other person supervising the welfare of a child under 18 years of age commits a misdemeanor of the second degree if he knowingly endangers the welfare of the child by violating a duty of care, protection or support."

1. See Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, art. II, § 202(9), 17 P.S. § 211.202(9) (Supp.1975).

It was taken, with two insignificant changes,[2] directly from the Model Penal Code of the American Law Institute. The Pennsylvania Joint State Government Commission, in its comments on the section, stated:

"This section consolidates and simplifies the various provisions concerning crimes endangering the welfare of children. The offense involves the endangering of the physical or moral welfare of a child by an act or omission in violation of legal duty even though such legal duty does not itself carry a criminal sanction."

Appellee contends, and the trial court agreed, that the statute fails to meet the vagueness test set forth in *Papachristou v. Jacksonville*, 405 U.S. 156, 162, 92 S.Ct. 839, 843, 31 L.Ed.2d 110 (1972), which looks to whether a criminal enactment "give[s] a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute" and "encourages arbitrary and erratic arrests and convictions." If the statute fails to do the first or does the second, it is unconstitutional.

The vagueness doctrine, however, is more complex than mere statement of the *Papachristou* test would indicate. A statute may be "vague" in the sense that it contains no ascertainable standard of conduct, or it may be "vague" in the sense that the ascertainable standard of conduct may or may not include certain types of conduct. *Smith v. Goguen*, 415 U.S. 566, 577–78, 94 S.Ct. 1242, 1249, 39 L.Ed.2d 605 (1974). If the statute contains no standard of conduct, or if the standard of conduct prohibits conduct which is protected by the first amendment, the statute will be declared unconstitutionally "vague" without regard to the particular conduct of the individual challenging the statute (hereinafter

2. American Law Institute, Model Penal Code § 230.4 provides:
"A parent, guardian, or other person supervising the welfare of a child under 18 commits a misdemeanor if he knowingly endangers the child's welfare by violating a duty of care, protection or support."

known as "facial vagueness"). *United States v. Powell*, 423 U.S. 87, 92, 96 S.Ct. 316, 319, 46 L.Ed.2d 228 (1975); *United States v. Mazurie*, 419 U.S. 544, 550, 95 S.Ct. 710, 714, 42 L.Ed.2d 706 (1975); *Smith v. Goguen*, 415 U.S. 566, 577–78, 94 S.Ct. 1242, 1249, 39 L.Ed.2d 605 (1974); *Commonwealth v. Heinbaugh*, 467 Pa. 1, ——, 354 A.2d 244, 246–47 (1976). If, however, the statute contains an ascertainable standard which does not infringe upon protected first amendment rights, the "vagueness" issue may be finally determined only with reference to the conduct of the person challenging the statute. Cases cited supra. When, as here, that conduct is not set out on the record, an appellate court can only determine whether the statute contains an ascertainable standard and whether the ascertainable standard infringes upon first amendment rights. We do not believe that the statute involved here is vague in either of these ways.

It must be borne in mind that we are dealing with a juvenile statute.

"[T]he purpose of juvenile statutes, as the one at issue here, is basically protective in nature. Consequently these statutes are designed to cover a broad range of conduct in order to safeguard the welfare and security of our children. Because of the diverse types of conduct that must be circumscribed, these statutes are necessaily drawn broadly. It clearly would be impossible to enumerate every particular type of adult conduct against which society wants its children protected. We have therefore sanctioned statutes pertaining to juveniles which proscribe conduct producing or tending to produce a *certain defined result* . . . rather than itemizing every undesirable type of conduct.

.   .   .   .   .   .   .   .

"In [*Commonwealth v.*] *Randall* [, 183 Pa.Super. 603, 611, 133 A.2d 276, 280 (1957),] the Superior

Court, upholding the broad purposes of one of our . . . juveniles statutes, noted:

'The common sense of the community, as well as the sense of decency, propriety and the morality which most people entertain is sufficient to apply the statute to each particular case, and to individuate what particular conduct is rendered criminal by it.' "

*Commonwealth v. Marlin*, 452 Pa. 380, 386–87, 305 A.2d 14, 18 (1973) (emphasis in original).

■■ Thus, statutes such as the one at issue here are to be given meaning by reference to the "common sense of the community" and the broad protective purposes for which they are enacted. With these two factors in mind, we believe that section 4304 is not facially vague. Phrases such as "endangers the welfare of the child" and "duty of care, protection or support" are not esoteric. Rather, they are easily understood and given content by the community at large. An individual who contemplates a particular course of conduct will have little difficulty deciding whether his intended act "endangers the welfare of the child" by his violation of a "duty of care, protection or support." Nor, it is clear, are first amendment rights involved.

We cannot, of course, on this record determine whether section 4304 is vague as applied to appellee. This aspect of the vagueness challenge may not be decided in the absence of facts developed on the record.

Order reversed.

POMEROY and MANDERINO, JJ., concur in the result.