**COMMONWEALTH of Pennsylvania,**

v.

**David RETKOFSKY, Appellant.**

Superior Court of Pennsylvania.

Submitted July 12, 2004.

Filed Oct. 19, 2004.

Sharif N. Abaza, Ben Salem, for appellant.

Sean M. Gresh, Assistant District Attorney, Doylestown, for Commonwealth, appellee.

Before: DEL SOLE, P.J., PANELLA and BECK, JJ.

OPINION BY BECK, J.:

¶ 1 After a bench trial, appellant David Retkofsky was convicted of endangering the welfare of a child and fleeing from a police officer.[1] He was sentenced to twelve months probation. Appellant's timely appeal presents only one issue: Did the Commonwealth present sufficient evidence for appellant to be found guilty of the crime of endangering the welfare of a child? We affirm.

¶ 2 In reviewing a sufficiency claim, we must view all the evidence in the light most favorable to the Commonwealth as the verdict winner to determine if the fact-finder could have found each element of the crime proven beyond a reasonable doubt. *Commonwealth v. Hughes*, 521 Pa. 423, 430, 555 A.2d 1264, 1267 (1989). We may not weigh the evidence, nor substitute our judgment for that of the fact-finder. *Commonwealth v. Zingarelli*, 839 A.2d 1064, 1069 (Pa.Super.2003).

¶ 3 The relevant facts of the case are not in dispute. Appellant was arrested after fleeing on an ATV from a police officer. Appellant's nine-year-old son was on the back of the ATV when appellant drove the vehicle down a residential street between several parked cars at an accelerated rate of speed in an attempt to avoid the police officer. The officer estimated that the speed of the ATV was approximately 45 m.p.h. The child was not restrained on the ATV, but rather hung with his arms onto appellant's body. The child was wearing a helmet. Appellant argues that the facts presented do not constitute sufficient evidence to convict him of endangering the welfare of a child, as the Commonwealth has failed to prove the requisite intent element.

¶ 4 An individual is guilty of endangering the welfare of a child if he or she, as a parent, guardian, or other person supervising the child's welfare, "knowingly endangers the welfare of the child by violating a duty of care, protection, or support." 18 Pa.C.S.A. § 4304. Our Supreme Court has stated that statutes pertaining to juveniles such as this one are "basically protective in nature" and thus are necessarily drawn "to cover a broad range of conduct in order to safeguard the welfare and security of our children." *Commonwealth v. Mack*, 467 Pa. 613, 617, 359 A.2d 770, 772 (1976) (quoting *Commonwealth v. Marlin*, 452 Pa. 380, 386, 305 A.2d 14, 18 (1973)). Whether particular conduct falls within the purview of the statute is to be determined within the context of the "common sense of the community." *Id.* at 618, 359 A.2d at 772.

¶ 5 The accused must act "knowingly" to be convicted of endangering the welfare of a child. 18 Pa.C.S.A. § 4304. We have employed a three-prong standard to determine whether the Commonwealth's evidence is sufficient to prove this intent element: 1) the accused must be aware of

1. The relevant statutory sections are 18 Pa. C.S.A. § 4304 and 75 Pa.C.S.A. § 3733, respectively.

his or her duty to protect the child; 2) the accused must be "aware that the child is in circumstances that could threaten the child's physical or psychological welfare;" and 3) the accused either must have failed to act or must have taken "action so lame or meager that such actions cannot reasonably be expected to protect the child's welfare." *Commonwealth v. Wallace*, 817 A.2d 485, 490–91 (Pa.Super.2002) (citing *Commonwealth v. Cardwell*, 357 Pa.Super. 38, 515 A.2d 311, 315 (1986)).

¶ 6 Appellant concedes the first prong of the *Cardwell* standard, but argues that the Commonwealth's evidence against him does not satisfy the other two prongs. Appellant recognizes that he acted foolishly, but he argues that his brief interaction with the police is not the type of situation that the statute was designed to cover.

¶ 7 With regard specifically to the second prong, appellant argues that he did not "knowingly" place his son in a situation that would threaten the child's physical or psychological welfare. This argument fails. Appellant was driving the ATV with his son as a passenger, who was holding onto appellant's body as his only stabilization. In spite of this traveling arrangement, appellant accelerated the speed of the vehicle and drove it down a paved residential street in a sudden attempt to flee from a police officer. It would have taken only a trivial event, such as a child or pet darting from the side of the road in front of the ATV, to precipitate a vehicular swerve and/or crash, with the likely result of injury to appellant's barely-protected young son. Appellant was surely aware of these dangers inherent to the circumstances in which he knowingly placed his son.

¶ 8 With regard to the third prong, appellant argues that he acted to protect the child's welfare by having him wear a helmet. While the protective value of a helmet is not to be underestimated, it also cannot reasonably be expected to prevent serious injury to a small child passenger on an ATV accelerating down a paved road. We have held that the duty of care requires "steps that are reasonably calculated to achieve success" in protecting the welfare of a child. *Cardwell*, 515 A.2d at 315. One piece of protective gear within the circumstances created by this appellant does not negate the intent element of the statute. Hence, this argument also fails.

¶ 9 Finally, appellant argues that the entire incident took place within only a short time and limited space and thus is not the type of situation meant to be encompassed by the statute. Appellant views the event as a brief and inconsequential mistake in judgment that does not rise to the level of criminal culpability. However, the two cases that Appellant cites in support of this contention do not aid his argument: In *Commonwealth v. Miller*, 411 Pa.Super. 33, 600 A.2d 988, 991 (1992), this court overturned the defendant's conviction for endangering the welfare of a child because the defendant was not aware of the risky circumstances in which her child was placed. The defendant in *Miller* did not know that her infant was left unattended, as she honestly believed that the infant was in the care of an adult neighbor. *Id.* There can be no reasonable doubt in the present case that appellant was fully aware of the risk in which he placed his son and of the potential serious consequences of his actions.

¶ 10 In the second case cited by appellant, *Commonwealth v. Taylor*, 324 Pa.Super. 420, 471 A.2d 1228 (1984), this court reiterated the direction of our Supreme Court that the child endangerment statute was drawn broadly and is to be given meaning within the context of the "com-

mon sense of the community." *Id.* at 1231 (quoting *Mack* at 618, 359 A.2d at 772). Appellant's invocation of the brief time and short distance during which his son was at risk is simply not relevant here. The fact remains that appellant knowingly exposed his son to physical danger by his own affirmative actions in attempting to avoid a police officer. A fact-finder could reasonably find that the "common sense of the community," *Mack* at 618, 359 A.2d at 772, puts appellant's actions within the purview of the statute.

¶ 11 Appellant's issues have no merit and we thus affirm the judgment of sentence.

¶ 12 Judgment of sentence affirmed.