## Commonwealth v. Stewart

C.P. of Centre County, no. 2004-1585.

*Lance T. Marshall,* for Commonwealth.
*Joseph L. Amendola,* for defendant.

KISTLER, *J.,* February 3, 2005—Presently before this court is Deborah M. Stewart's (defendant) petition for writ of habeas corpus.

### BACKGROUND

On May 21, 2004, defendant was driving in the Ramada Inn parking lot on South Atherton Street in State

College. Defendant's vehicle allegedly struck another vehicle as she attempted to exit the parking lot. A witness, who had seen the accident, noted the vehicle's license plate number and its make and model. The witness then notified the police. The police ran a background check on the license plate. This background check produced the defendant's name and address. Based on this information, the police dispatched Officer R.L. Hendrick to the residence.

There was no answer at the residence, so the officer waited on the street for defendant to arrive. Soon afterwards, the officer saw the vehicle come down the road and turn into the residence. The officer then approached the vehicle in defendant's garage. He noticed that defendant's eyes were watery and her breath smelled of beverage alcohol. The officer also noticed defendant's child in the back seat. The child was strapped into a child's safety seat. There is no evidence suggesting that the child was in the back seat at the time of the accident in the Ramada Inn parking lot.

Believing defendant may be intoxicated, the officer administered a portable breath test. Defendant failed the test and the officer took defendant into custody for driving under the influence of alcohol. The officer transported defendant to the Mount Nittany Medical Center for a blood extraction. The results of this extraction revealed that defendant's blood alcohol content was .12 percent.

The officer testified that he did not notice any erratic or dangerous driving behavior on the part of defendant. The officer also did not indicate that defendant had violated any portion of the Motor Vehicle Code. Defendant

was subsequently charged with driving under the influence of alcohol, accident involving damage to an unattended vehicle, and endangering welfare of children.

## DISCUSSION

Defendant does not contest the charges of driving under the influence of alcohol or accident involving damage to an unattended vehicle. The only issue to be resolved is defendant's writ of habeas corpus with respect to the endangering welfare of children charge. Defendant contends that the Commonwealth cannot establish either on a prima facie level or at trial that defendant is guilty of the aforementioned charge.

"A prima facie case consists of evidence, read in the light most favorable to the Commonwealth, that sufficiently establishes both the commission of a crime and that the accused is probably the perpetrator of that crime." Quoting *Commonwealth v. Miller,* 810 A.2d 178, 180 (Pa. Super. 2002). A prima facie case consists of evidence that would warrant submission of that evidence to the jury. *Id.,* citing *Commonwealth v. Packard,* 767 A.2d 1068, 1070-71 (Pa. Super. 2001), *appeal denied,* 566 Pa. 660, 782 A.2d 544 (2001).

When charging an accused with endangering the welfare of children, the Commonwealth must prove that the accused "knowingly endangered the welfare of a child by violating a duty of care, protection or support." 18 Pa.C.S. §4304; see also, *Commonwealth v. Martir,* 712 A.2d 327, 328 (Pa. Super. 1998), citing *Commonwealth v. Cottam,* 420 Pa. Super. 311, 344-45, 616 A.2d 988, 1005 (1992). A person acts "knowingly" with respect to

a material element of an offense when: (1) he is aware that his conduct is of the nature or that such circumstances exist; and (2) he is aware that it is practically certain that his conduct will cause such a result. 18 Pa.C.S. §302(b)(2); see also, *Commonwealth v. Wallace,* 817 A.2d 485 (Pa. Super. 2002).

The Commonwealth supports its position by citing *Commonwealth v. Retkofsky,* 860 A.2d 1098 (Pa. Super. 2004). The court in *Retkofsky* confirmed the lower court's decision which found the defendant guilty of endangering the welfare of children. The defendant in *Retkofsky* attempted to flee the police on an all-terrain vehicle (ATV). The defendant traveled at a rate of 45 miles per hour on a residential street while his 9-year-old son was on the back. The child was not restrained, but rather hung onto the body of the defendant. The court reasoned that the defendant knew he was endangering the welfare of the child because the defendant was "surely aware" that something could "dart out" in front of the ATV, "to precipitate [the vehicle to] swerve and/or crash, with the likely result of injury to appellant's barely-protected son." *Id.* at 1100.

This court does not find that the current facts are similar to the facts in *Retkofsky.* In the current case, defendant was not attempting to flee from the police, nor was she driving an ATV while her child held onto her waist for restraint. As such, *Retkofsky* cannot be deemed persuasive.

In the current case, this court does not believe that defendant knowingly endangered the child. The facts do not suggest that it was practically certain that the child

would have been harmed as a result of defendant's intoxication. The officer testified that he did not observe defendant drive erratically, unsafely, or exceed the posted speed limit. The officer also testified that he saw defendant's child sitting in a restrictive child's car seat. Similarly, there is no evidence that the child was in the back seat at the time of the accident in the Ramada Inn parking lot. As such, this court finds that the evidence, taken in the light most favorable to the Commonwealth, is insufficient to establish that defendant knowingly violated any duty of care, protection or support she owed to her child. Committing the offense of driving under the influence, without more, is not a sufficient basis, alone, to support a conviction for endangering the welfare of children.

## ORDER

And now, February 3, 2005, defendant's petition for writ of habeas corpus is hereby granted, and the charge of endangering the welfare of children is hereby dismissed.