J-A01039-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SHAWN D. LITTLE, | |
| Appellant | No. 713 WDA 2014 |

Appeal from the Judgment of Sentence entered January 10, 2014,
in the Court of Common Pleas of Warren County,
Criminal Division, at No(s): CP-62-CR-0000512-2012

BEFORE: FORD ELLIOTT, P.J.E., DONOHUE, and ALLEN, JJ.

MEMORANDUM BY ALLEN, J.:                **FILED FEBRUARY 03, 2015**

Shawn D. Little ("Appellant") appeals from the judgment of sentence imposed after a jury convicted him of two counts of driving under the influence of alcohol, one count of operating a vehicle without headlights, and two counts of endangering the welfare of children.[1]  We affirm in part and vacate in part.

The pertinent facts and procedural history are as follows:  On August 26, 2012, at approximately 8:15 p.m., Eva Stroup of Conewango Township, Pennsylvania, telephoned the Conewango Township Police Department to inform them that she believed her ex-husband, who had physical custody of the couple's two children, was under the influence of alcohol in violation of a

_____

[1] 75 Pa.C.S.A. § 3802(a)(1), 4304(a) and 18 Pa.C.S.A 4304.

custody order. N.T., 12/12/13, at 31. Officer Charles Anderson of the Conewango Township Police Department advised Ms. Stroup that if she believed Appellant was violating the terms of the custody order, she would have to seek relief in court. *Id*. at 33. Approximately half an hour later, Officer Anderson was patrolling in Conewango Township when, at approximately 8:53 p.m., he observed Appellant's vehicle with one of its driver's side headlamps not illuminated. Affidavit of Probable Cause, 9/5/12. The officer conducted a traffic stop and upon requesting Appellant's identification, observed that Appellant had a limited driver's license prohibiting him from operating any vehicle that was not equipped with an ignition interlock device, and detected an odor of alcohol emanating from Appellant's breath and noted that his eyes were watery. *Id*. Officer Anderson administered a field sobriety test, after which he arrested Appellant and transported him to Warren General Hospital for a blood alcohol test. *Id*. at 39. Appellant refused to submit to chemical testing and was transported to the police station, where he was charged with the aforementioned crimes.

A jury trial commenced on December 12, 2013, at the conclusion of which the jury rendered its guilty verdicts. Following a hearing on January 10, 2014, the trial court sentenced Appellant to an aggregate term of imprisonment of 49½ to 123 months. The trial court additionally ordered that Appellant have no contact with his two children. Appellant filed a timely post-sentence motion, which the trial court denied on March 21, 2014. This

appeal followed. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.[2]

Appellant presents the following issues for our review:

1. WHETHER THE TRIAL COURT ERRED IN ENTERING JUDGMENT OF SENTENCE UPON GUILTY VERDICTS FOR DRIVING UNDER THE INFLUENCE OF ALCOHOL WHEN INSUFFICIENT EVIDENCE WAS PRESENTED TO ESTABLISH THAT [APPELLANT] WAS INCAPABLE OF SAFELY DRIVING A MOTOR VEHICLE?

2. WHETHER THE TRIAL COURT ERRED IN ENTERING JUDGMENT OF SENTENCE, AND DENYING [APPELLANT'S] POST-SENTENCE MOTION, UPON GUILTY VERDICTS FOR ENDANGERING THE WELFARE OF CHILDREN WHEN INSUFFICIENT EVIDENCE WAS

_____

[2] On July 14, 2014, Appellant filed with this Court a "Motion for Remand and/or for Consideration of After-Discovered Evidence." In his motion, Appellant asserts that between October 2008 and May 2014, all blood alcohol tests in Warren County were subject to faulty testing procedures because the laboratory failed to apply the serum-to-whole blood ratio to the result, which resulted in numerous false positive tests and DUI arrests. *See Commonwealth v. Brugger*, 88 A.3d 1026, 1029 (Pa. Super. 2014) ("where blood alcohol testing is performed on only a portion of whole blood, such as plasma, serum, or a supernatant sample, it requires conversion to establish the correlative whole blood test results."). Appellant argues that the arresting officer's determination that Appellant was intoxicated was somehow based on information garnered from the faulty blood tests, and was therefore tainted. Appellant requests remand for the trial court to consider this evidence.

In his motion for remand, Appellant offers no support other than his bald assertion that all of the blood test results in Warren County were faulty. More importantly, we fail to see how faulty blood alcohol tests would have impacted this case, given that Appellant refused to submit to chemical testing. We are unpersuaded by Appellant's assertion that the arresting officer's determination that Appellant was intoxicated was somehow tainted by unverified, unrelated faulty lab testing procedures in Warren County. Accordingly, we deny Appellant's motion for remand and/or consideration of after discovered evidence.

PRESENTED TO ESTABLISH THAT [APPELLANT] KNOWINGLY ENDANGERED THE WELFARE OF HIS CHILDREN?

3. WHETHER THE TRIAL COURT ERRED IN IMPOSING A CONDITION ON [APPELLANT'S] SENTENCE THAT HE NOT BE PERMITTED TO HAVE CONTACT WITH HIS CHILDREN WHEN THE COURT DOES NOT POSSESS STATUTORY AUTHORITY TO IMPOSE PAROLE CONDITIONS ON [APPELLANT'S] SENTENCE TO A MAXIMUM OF TWO OR MORE YEARS AND/OR WHEN IT REFUSED TO MODIFY [APPELLANT'S] SENTENCE SUCH THAT HE WOULD BE ABLE TO HAVE SUPERVISED OR WRITTEN CONTACT WITH HIS CHILDREN WHEN THE INTEREST OF PROTECTING THE ALLEGED VICTIM IS ADEQUATELY SERVED BY NOT ALLOWING UNSUPERVISED CONTACT WITH THE MINOR CHILDREN AND WHEN SUCH CONDITION IS UNDULY RESTRICTIVE?

Appellant's Brief at 5.

In his first issue, Appellant argues that the evidence was insufficient to support his convictions for driving under the influence under 75 Pa.C.S.A. § 3802(a)(1). Appellant's Brief at 13-15.

> Our standard when reviewing the sufficiency of the evidence is whether the evidence at trial, and all reasonable inferences derived therefrom, when viewed in the light most favorable to the Commonwealth as verdict-winner, are sufficient to establish all elements of the offense beyond a reasonable doubt. We may not weigh the evidence or substitute our judgment for that of the fact-finder. Additionally, the evidence at trial need not preclude every possibility of innocence, and the fact-finder is free to resolve any doubts regarding a defendant's guilt unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. When evaluating the credibility and weight of the evidence, the fact-finder is free to believe all, part or none of the evidence. For purposes of our review under these principles, we must review the entire record and consider all of the evidence introduced.

***Commonwealth v. Emler***, 903 A.2d 1273, 1276–77 (Pa. Super. 2006).

Appellant claims that Officer Anderson failed to provide sufficient testimony upon which the jury could have concluded that Appellant's ability to safely drive was impaired. Appellant's Brief at 13-15. Specifically, Appellant argues that at trial, Officer Anderson testified that Appellant passed the one-leg stand test while standing on his left leg, that the officer did not recall that Appellant slurred his words when he spoke, and that the officer testified that Appellant did not stagger or stumble as he walked, and moreover, he did not observe Appellant commit any moving violations such as swerving or crossing the lines on the roadway. *Id*. Accordingly, Appellant argues that the evidence was insufficient to support his convictions for driving under the influence-general impairment. We disagree.

75 Pa.C.S.A. § 3802 provides:

(a) General impairment.--

(1)  An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle.

75 Pa.C.S.A. § 3802

"In order to be found guilty of DUI—general impairment, an individual's alcohol consumption must substantially impair his or her ability to safely operate a vehicle. Evidence of erratic driving is not a necessary precursor to a finding of guilt under the relevant statute. The Commonwealth may prove that a person is incapable of safe driving through

the failure of a field sobriety test." ***Commonwealth v. Mobley***, 14 A.3d

887, 890 (Pa. Super. 2011) (citations omitted).

> [S]ubsection 3802(a)(1) is an 'at the time of driving'
> offense, requiring that the Commonwealth prove the following
> elements: the accused was driving, operating, or in actual
> physical control of the movement of a vehicle during the time
> when he or she was rendered incapable of safely doing so due to
> the consumption of alcohol.

> With respect to the type, quantum, and quality of evidence
> required to prove a general impairment violation under Section
> 3802(a)(1), ... Section 3802(a)(1) ... is a general provision and
> provides no specific restraint upon the Commonwealth in the
> manner in which it may prove that an accused operated a
> vehicle under the influence of alcohol to a degree which rendered
> him incapable of safe driving. ... The types of evidence that the
> Commonwealth may proffer in a subsection 3802(a)(1)
> prosecution include but are not limited to, the following: the
> offender's actions and behavior, including manner of driving and
> ability to pass field sobriety tests; demeanor, including toward
> the investigating officer; physical appearance, particularly
> bloodshot eyes and other physical signs of intoxication; odor of
> alcohol, and slurred speech. Blood alcohol level may be added
> to this list, although it is not necessary and the two hour time
> limit for measuring blood alcohol level does not apply. Blood
> alcohol level is admissible in a subsection 3801(a)(1) case only
> insofar as it is relevant to and probative of the accused's ability
> to drive safely at the time he or she was driving. The weight to
> be assigned these various types of evidence presents a question
> for the fact-finder, who may rely on his or her experience,
> common sense, and/or expert testimony. Regardless of the type
> of evidence that the Commonwealth proffers to support its case,
> the focus of subsection 3802(a)(1) remains on the inability of
> the individual to drive safely due to consumption of alcohol-not
> on a particular blood alcohol level.

***Commonwealth v. Teems***, 74 A.3d 142, 145 (Pa. Super. 2013) *quoting*

***Commonwealth v. Segida***, 114–116, 985 A.2d 871, 879 (Pa. 2009).

Here, in finding the evidence sufficient to support Appellant's convictions, the trial court explained:

> [Appellant's] own testimony at the trial indicated he had been drinking at least two "Busch Pounders" on the day in question. [Appellant] also admitted that he refused blood alcohol content (BAC) testing at the hospital in part because he knew that drinking alcohol was a violation of [his] custody order. ... Based on [Appellant's] admissions alone, the jury was capable of finding [Appellant] in violation of the DUI statute; however there was additional testimony at trial that [Appellant and Ms. Stroup] had spoken via telephone earlier in the day and that [Appellant] seemed to be slurring his words during the conversation as if he had been drinking. The arresting officer in the case, Patrolman Anderson, testified that when he initiated the traffic stop and first encountered [Appellant], he could smell an odor of alcohol coming from [Appellant's] breath and could see that [Appellant's] eyes were watering, two indicia of intoxication. Patrolman Anderson explained that he proceeded to administer standard field sobriety tests during which [Appellant] exhibited additional indicia of intoxication. Finally, Patrolman Anderson testified that it was his opinion based on his education, experience and training that [Appellant] was impaired to the extent it rendered him incapable of safe driving. Additionally, Patrolman Anderson testified that [Appellant] refused BAC testing at the hospital. In fact, according to Patrolman Anderson's testimony, while [Appellant] was being processed at the police station, [Appellant] admitted to drinking three Busch beers that day. Also, [Appellant] lied initially to Patrolman Anderson and indicated that he was not driving the vehicle. Based on these facts, the jury had ample evidence to convict [Appellant] of DUI – General Impairment, and DUI – Refusal, Count 1 and Count 2, respectively.

Trial Court Opinion, 5/30/14, at 3-4 (citations to notes of testimony omitted).

We agree with the trial court that the record evidence was sufficient for a jury to believe that Appellant had consumed a sufficient amount of alcohol to render him incapable of safe driving pursuant to 75 Pa.C.S.A. §

- 7 -

3802(a)(1). Although Appellant argues that the evidence was insufficient to demonstrate that his ability to drive safely was impaired, this assertion is belied by the record. Officer Anderson testified that when he effectuated the traffic stop and approached Appellant, he "could smell an odor of alcohol, intoxicating beverage coming from the vehicle," which prompted him to ask Appellant to submit to a series of field sobriety tests. N.T., 12/12/13, at 35. Officer Anderson testified that during the walk and turn balancing test, Appellant "stepp[ed] off the line between steps, missed heel-to-toe between steps" and although instructed to keep his arms to the side, "he did use his arms to balance his walking portion of the test." *Id*. at 37. The officer testified that while the balancing test was "not essentially a pass or fail" test, but was intended to present some clues as to Appellant's state of intoxication, "if it had to be rated pass or fail, [Appellant] would have failed that portion." *Id*.

Officer Anderson next testified that he had Appellant perform the "one leg stand test", where he instructed Appellant to stand on one leg, and lift the other leg six inches off the ground and point that foot out while counting. *Id*. at 37-38. Officer Anderson testified that Appellant stood on his right leg but "put his [left] foot down on count one, brought his foot back up and was hopping around." *Id*. Appellant then informed the officer that he had some problems with his right leg, and asked to perform the test while standing on his left leg, after which "he did complete the test while

using his right leg standing on his left leg", although "he did not have the leg fully extended which is part of the instruction." *Id*. Officer Anderson additionally reiterated that Appellant had "watery eyes" and an odor of alcohol emanating from him, and that Appellant admitted to drinking three beers. *Id*. at 38-40. Officer Anderson testified that in his experience, he believed Appellant was impaired to the extent that rendered him incapable of safe driving. *Id.* at 39. Upon review, we find no error in the trial court's determination that the evidence, when viewed in the light most favorable to the Commonwealth as verdict-winner, was sufficient to sustain Appellant's convictions for driving under the influence.

Appellant next argues that the evidence was insufficient to sustain his convictions for endangering the welfare of children pursuant to 18 Pa.C.S.A. § 4304, which provides:

> A parent, guardian or other person supervising the welfare of a child under 18 years of age, or a person that employs or supervises such a person, commits an offense if he knowingly endangers the welfare of the child by violating a duty of care, protection or support.

Our courts have explained that "statutes pertaining to juveniles such as this one are basically protective in nature and thus are necessarily drawn to cover a broad range of conduct in order to safeguard the welfare and security of our children. Whether particular conduct falls within the purview of the statute is to be determined within the context of the common sense of

the community." ***Commonwealth v. Retkofsky***, 860 A.2d 1098, 1099 (Pa. Super. 2004) (citations and internal quotations omitted).

> The accused must act "knowingly" to be convicted of endangering the welfare of a child. 18 Pa.C.S.A. § 4304. We have employed a three-prong standard to determine whether the Commonwealth's evidence is sufficient to prove this intent element: 1) the accused must be aware of his or her duty to protect the child; 2) the accused must be "aware that the child is in circumstances that could threaten the child's physical or psychological welfare;" and 3) the accused either must have failed to act or must have taken "action so lame or meager that such actions cannot reasonably be expected to protect the child's welfare."

***Retkofsky***, 860 A.2d at 1099-110.

Here, Appellant argues that the evidence was insufficient to sustain his convictions for endangering the welfare of his children because he did not believe that he was intoxicated, and thus did not "knowingly" endanger his children's welfare. Appellant's Brief at 15-18. Upon review, we agree with the trial court that the Commonwealth presented sufficient evidence to sustain Appellant's convictions. As the trial court explained:

> [Appellant] had his two children, ages five (5) years old and three (3) years old in the back seat of his vehicle at the time he was arrested for DUI. Patrolman Anderson testified that there was no question in his mind that the children were in [Appellant's] vehicle while [Appellant] was operating it. Again, [Appellant] had admitted drinking on the day in question and ultimately admitted driving the car as well. Additionally, [Appellant] was aware of a custody order which prohibited him from drinking alcohol while he had custody of the children. [Appellant] did proffer an explanation for his watery eyes to the jury when he explained that he had been working on a car's brakes earlier in the day and rust from the car had fallen in his eyes during the repair. Ultimately, the jury found [Appellant]

- 10 -

had been driving under the influence with his two children in the backseat of this car. [Appellant] also initially lied to the investigating officer about the fact that he was driving the vehicle. [Appellant] also testified that he was unsure if the brakes on the vehicle had been completely repaired. Given these facts, it was reasonable for the jury to conclude [Appellant] knew he was acting wrongly. When [Appellant] drove a vehicle under the influence of alcohol with his five-year-old and three-year-old in the backseat of the vehicle, he was a parent supervising the welfare of the children in his backseat and yet knowingly violating a duty of care, protection or support. It is of paramount importance to protect the safety and welfare of children and common sense societal standards would dictate that drinking and driving with two children in the backseat is a violation of that duty to protect. Therefore, the jury had ample evidence to convict [Appellant] of Counts 5 and 6, Endangering the Welfare of Children.

Trial Court Opinion, 5/30/14, at 5 (citations to notes of testimony omitted).

We find no error in the trial court's determination that the evidence was sufficient to demonstrate that Appellant knew that he had consumed alcohol, and nevertheless proceeded to drive his children. Although Appellant argues that he did not "knowingly" endanger his children's welfare because he did not believe he was intoxicated, the testimony of Officer Anderson indicated that Appellant, who admitted to drinking at least two or three beers, and *inter alia*, drank those beers in violation of a custody order, had in fact consumed enough alcohol to impair his ability to drive safely. *See Commonwealth v. Collington*, 615 A.2d 769, 770 (Pa. Super. 1992) ("The Commonwealth is not required to prove *mens rea* by direct evidence[;] [f]requently such evidence is not available [and in] such cases, the Commonwealth may rely on circumstantial evidence."). Viewing

- 11 -

Appellant's conduct and the circumstantial evidence "within the context of the common sense of the community," we conclude that the Commonwealth presented sufficient evidence to demonstrate that Appellant knowingly endangered the welfare of his children. **Retkofsky**, 860 A.2d at 1099.

In his third issue, Appellant argues that the trial court erred when it imposed a condition on Appellant's sentence precluding him from having any contact with his children. Appellant's Brief at 19-22; N.T., 1/10/14 at 16; Trial Court Order, 1/10/14. Appellant asserts that the trial court lacked the statutory authority to impose such a condition, and accordingly claims the condition is illegal. Additionally, Appellant challenges the discretionary aspects of his sentence, arguing that the sentencing provision precluding him from having contact with his children was unduly harsh and restrictive. Appellant's Brief at 19-20.

Appellant argues that his sentence was illegal because the Court of Common Pleas of Warren County lacked jurisdiction to impose a "no contact" condition on a defendant sentenced to a maximum of two or more years of imprisonment. Specifically, Appellant argues that in precluding him from having contact with his children, the trial court effectively instituted a condition on his potential future parole, which the trial court lacked authority to impose, and that such a condition was therefore illegal.

We agree with Appellant that to the extent the trial court order precluding him from having contact with his children would constitute a

condition of parole, the trial court lacked the authority to impose such a condition.

> Under Pennsylvania law, the authority to parole convicted offenders is split between the common pleas courts and the Pennsylvania Board of Probation and Parole (Parole Board). When an offender is sentenced to a maximum term of imprisonment of less than two years, the common pleas court retains authority to grant and revoke parole; when the maximum term is two years or more, authority to grant and revoke parole is vested in the Parole Board. The common pleas court retains authority over parole matters relating to offenders sentenced to maximum terms of less than two years even when the offender is confined in a state rather than county correctional facility.

*Commonwealth v. McDermott*, 547 A.2d 1236, 1239-1240 (Pa. Super. 1988) (citations omitted).

Because the trial court sentenced Appellant to a maximum term of incarceration of two or more years, if Appellant at any time is granted parole, he would be under the exclusive supervision of the Pennsylvania Board of Probation and Parole and not the Court of Common Pleas. 61 P.S. § 331.17; *Commonwealth v. Mears*, 972 A.2d 1210, 1212 (Pa. Super. 2009) (holding that the Pennsylvania Board of Probation and Parole has exclusive authority to determine parole when the offender is sentenced to a maximum term of imprisonment of two or more years, and the trial court was without jurisdiction to impose conditions on the appellant's state parole). Accordingly, any condition of parole will be under the jurisdiction of the Pennsylvania Parole Board and the trial court is without jurisdiction to impose conditions on that parole. To the extent the trial court purported to

impose conditions on Appellant's state parole, that portion of Appellant's sentence is vacated. *See Commonwealth v. Coulverson*, 34 A.3d 135 (Pa. Super. 2011) (trial court exceeded its authority when it imposed on the defendant a "no contact" restriction with any of the victims, their families, or friends if defendant were ever released on parole; Board of Pardon and Probation had exclusive authority to determine parole of offender sentenced to a maximum term of imprisonment of two or more years, and thus any condition the sentencing court purported to impose on defendant's state parole was advisory only).

Appellant additionally argues that the trial court's "no contact" order constituted an abuse of its sentencing discretion. Appellant's Brief at 20-22. Appellant in essence argues that the trial court failed to provide adequate reasons for its directive that he have no contact with his children, and asserts that the "no contact" provision was unduly restrictive and not reasonably related to Appellant's rehabilitation or the protection of the victims or the public.[3]

---

[3] Appellant has preserved his challenge to the discretionary aspects of his sentence by raising his claim in a post-sentence motion and filing a timely notice of appeal. Although Appellant failed to set forth in his brief a concise statement of reasons relied upon for the allowance of his appeal pursuant to Pa.R.A.P. 2119(f), the Commonwealth did not object to the omission. *See Commonwealth v. Kneller*, 999 A.2d 608, 614 (Pa. Super. 2010) (where the Commonwealth has not objected to the absence of a Pa.R.A.P. 2119(f) statement and a substantial question is obvious from the appellant's brief, we will not find waiver and will proceed to an examination of the merits). *(Footnote Continued Next Page)*

"The matter of sentencing is vested within the sound discretion of the trial court; we only reverse the court's determination upon an abuse of discretion. To demonstrate that the trial court has abused its discretion, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision. Moreover, 42 Pa.C.S.A. § 9721(b) provides that the trial court must disclose, on the record, its reasons for imposing the sentence." ***Commonwealth v. Hanson***, 856 A.2d 1254, 1257 (Pa. Super. 2004) (citations and internal quotations omitted).

Upon review of the record, we agree with Appellant that the trial court failed to place on the record adequate reasons for its decision to preclude Appellant from having contact with his children during his incarceration. Our review of the sentencing transcript reveals that, at the sentencing hearing, after the trial court had already entered its sentence verbally on the record, the Assistant District Attorney, in the final moments before the conclusion of the hearing, requested that Appellant be precluded from having any contact

*(Footnote Continued)* ————————————

Here, Appellant's claim that the trial court failed to provide adequate reasons on the record for the no contact provision of the sentence raises a substantial question. ***See Commonwealth v. Fowler***, 893 A.2d 758, 766 (Pa. Super. 2006) ("an allegation that the court failed to state adequate reasons on the record for the sentence imposed presents a substantial question"). We therefore address the merits of Appellant's discretionary claim.

- 15 -

with his children. N.T., 1/10/14, at 15. The trial court immediately agreed to enter a no contact provision, without any explanation. Under these circumstances, we agree with Appellant that the trial court failed to provide adequate reasons on the record for its no contact provision as required by 42 Pa.C.S.A. § 9721(b). Moreover, while protection of the victims is a consideration at sentencing, Appellant was convicted of endangering his children by driving them while under the influence of alcohol; while incarcerated, however, Appellant poses no such a threat to his children's welfare given that he will be confined in prison without access to alcohol or a vehicle. In the absence of adequate reasons on the record for the trial court's imposition of a no contact provision, we conclude that the trial court abused its discretion. Accordingly, we vacate that portion of the sentence precluding Appellant from having contact with his children, and affirm the remainder of the judgment of sentence.

Judgment of sentence vacated in part and affirmed in part. Motion for Remand and/or for Consideration of After-Discovered Evidence denied. Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/3/2015

- 16 -