J-S47037-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| S.P., | : | |
| | : | |
| Appellant | : | No. 6 MDA 2015 |

Appeal from the Judgment of Sentence Entered December 3, 2014,
in the Court of Common Pleas of Lackawanna County,
Criminal Division, at No(s): CP-35-CR-0000709-2014

BEFORE:    ALLEN, OTT, and STRASSBURGER, JJ.*

MEMORANDUM BY STRASSBURGER, J.:            **FILED AUGUST 07, 2015**

Stewart Powell (Appellant) appeals from the judgment of sentence after a jury convicted him of endangering the welfare of children (EWOC) and simple assault, and the trial court convicted him of two counts of summary harassment.  We affirm.

This case stems from a domestic incident that occurred on March 19, 2014, at the home of Stephanie Teeple.  Teeple is the mother of four children, three of whom are the children of Appellant.  Those children are S.U.P. (age 7), A.P. (age 5), and S.T.P. (age 20 months).[1]  Appellant was taking care of S.U.P. and S.T.P., when he called Teeple to tell her that S.T.P "would not stop crying" and that she needed to "get home." N.T., 11/9/2014, at 26.  Teeple was on a bus and on her way home at the time of

_____

[1] Teeple's fourth child is J.T. (age 9 months).

*Retired Senior Judge assigned to the Superior Court.

the phone call. Appellant "was cursing and carrying on and yelling" and eventually texted Teeple that he was leaving the children alone in the home. *Id*. at 27. Out of concern, Teeple called S.T.P.'s godmother, who lived nearby, and asked her to go check on the children. Appellant called Teeple again and told her that S.T.P. was no longer crying because Appellant "punched him in the face." *Id*. at 29.

Teeple arrived home approximately 20 minutes later and found Appellant lying on the couch. S.T.P. was lying on the other couch with S.U.P. At that point, an altercation occurred between Appellant and Teeple. Appellant got up from the couch and was "carrying on and ranting and raving" about the children. *Id*. at 30. Teeple also picked up S.T.P. from the couch and noticed bruising. Teeple then proceeded upstairs to where Appellant had gone, and Appellant started "getting physical." *Id*. at 31. Appellant knocked a phone out of Teeple's hand, "pinned" Teeple in her daughter's room, choked Teeple, then scratched her as she exited the room. *Id*. Teeple went into the kitchen to call police, and Appellant then pulled her by the hair and "flung" her to the ground. *Id*. at 32. Appellant pushed S.T.P into the screen door and told Teeple to pick up her "pussy son." *Id*. S.T.P. ended up with "an abrasion of the eyebrow." *Id*. at 33. Appellant then changed clothes and left the house while Teeple called the Scranton Police Department.

Officer Matthew Phillips responded to the scene. When Officer Phillips arrived, Appellant was no longer there, and Teeple told Officer Phillips that Appellant had assaulted both her and S.T.P. Officer Phillips contacted Appellant, who indicated that he would meet Officer Phillips at the police station. Appellant did not report, and Officer Phillips obtained a warrant for Appellant's arrest.

Appellant was arrested on March 30, 2014 and charged with EWOC, simple assault with S.T.P. as the victim, simple assault with Teeple as the victim, and the summary charges of two counts of harassment. A jury trial was held on September 9, 2014. Appellant was found guilty by the jury of EWOC and simple assault with Teeple as the victim. He was found not guilty of simple assault with S.T.P. as the victim. The trial court found Appellant guilty of two counts of harassment.

On December 3, 2014, Appellant was sentenced to an aggregate term of two to five years' incarceration to be followed by five years' probation. He was also fined $300 for each summary offense. Appellant timely filed a post-sentence motion, which was denied on December 10, 2015. Appellant timely filed a notice of appeal. In response to the trial court's order, Appellant timely filed a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925. However, the trial court did not file an opinion in response.

Appellant challenges the sufficiency of the evidence to sustain his convictions, and we set forth our well-settled standard of review.

> In reviewing the sufficiency of the evidence, we view all the evidence admitted at trial in the light most favorable to the Commonwealth, as verdict winner, to see whether there is sufficient evidence to enable the jury to find every element of the crime beyond a reasonable doubt. This standard is equally applicable to cases where the evidence is circumstantial rather than direct so long as the combination of the evidence links the accused to the crime beyond a reasonable doubt. Although a conviction must be based on more than mere suspicion or conjecture, the Commonwealth need not establish guilt to a mathematical certainty. The trier of fact is free to believe all, some, or none of the testimony presented.

*Commonwealth v. Martuscelli*, 54 A.3d 940, 947 (Pa. Super. 2012) (citations and quotations omitted).

Appellant argues that the evidence was insufficient to establish that he committed the crimes EWOC and harassment. Appellant contends that "the entire incident [at issue] took place within only a short time and limited space and, thus, is not the type of situation meant to be encompassed by the statute." Appellant's Brief at 15. Appellant further argues that this event constituted a "brief and inappropriate mistake in judgment that does not rise to the level of criminal culpability." *Id*. Appellant also argues that his "simple push" did not place S.T.P. "in circumstances that could threaten his physical welfare." *Id*. at 14.

The statute governing EWOC provides that "[a] parent, guardian or other person supervising the welfare of a child under 18 years of age …

- 4 -

commits an offense if he knowingly endangers the welfare of the child by violating a duty of care, protection or support." 18 Pa.C.S. § 4304(a)(1). "In reviewing section 4304, we must be aware that the legislature attempted to prohibit a broad range of conduct in order to safeguard the welfare and security of our children. Further, [t]he common sense of the community should be considered when interpreting the language of the statute." *Commonwealth v. Trippett*, 932 A.2d 188, 194 (Pa. Super. 2007) (citations and quotations omitted).

We observe that case law does not support Appellant's theory that an EWOC conviction requires several incidents over time, rather than a single incident or "mistake in judgment" as Appellant suggests. Moreover, there is ample case law finding EWOC convictions sufficient premised on single instances of misconduct. *See, e.g.*, *Commonwealth v. Retkofsky*, 860 A.2d 1098 (Pa. Super. 2004) (rejecting appellant's argument that a single instance of misconduct is not the type of harm contemplated under the statute where father knew he was placing son at risk by fleeing from police on ATV while son was on the back of it unrestrained); *Commonwealth v. Smith*, 956 A.2d 1029 (Pa. Super. 2008) (holding evidence sufficient to sustain EWOC conviction when father shook baby resulting in Shaken Baby Syndrome); *Commonwealth v. Cesar*, 911 A.2d 978 (Pa. Super. 2006) (holding evidence sufficient to sustain EWOC conviction where father

perpetrated a single incident of sexual abuse on five-year-old daughter). Thus, Appellant is not entitled to relief on this basis.

Appellant also contends that he did not act "knowingly" under these circumstances. Appellant's brief at 14-15. He submits that the Commonwealth did not prove beyond a reasonable doubt that Appellant "knowingly endangered the welfare of the child by violating a duty of care." *Id*.

> EWOC is a specific intent crime. In other words,
>
> [t]he accused must act "knowingly" to be convicted of endangering the welfare of a child. We have employed a three-prong standard to determine whether the Commonwealth's evidence is sufficient to prove this intent element: 1) the accused must be aware of his or her duty to protect the child; 2) the accused must be aware that the child is in circumstances that could threaten the child's physical or psychological welfare; and 3) the accused either must have failed to act or must have taken action so lame or meager that such actions cannot reasonably be expected to protect the child's welfare.

*Retkofsky*, 860 A.2d at 1099-1100 (citations and quotations omitted).

Appellant's contention is without merit. At trial, Teeple testified that Appellant was coming after her while S.T.P. "was three feet away from me and coming towards me crying. And I went to pick him up and as I went to go pick him up [Appellant] was right there by [S.T.P.]. [Appellant] pushed my son into the screen door and told me to pick up my [pussy] son." N.T. 9/9/2014, at 32. This testimony, if believed by the jury, was sufficient to establish that Appellant knowingly put S.T.P. "in circumstances that could

threaten the child's physical or psychological welfare." ***Retkofsky***, ***supra***. Despite Appellant's aforementioned arguments to the contrary, we hold the evidence was sufficient to sustain Appellant's EWOC conviction.

Appellant next contends the evidence was insufficient to sustain his conviction for harassment against S.T.P. Appellant's Brief at 17-18. The statute provides, in relevant part: "A person commits the crime of harassment when, with intent to harass, annoy or alarm another, the person: (1) strikes, shoves, kicks or otherwise subjects the other person to physical contact, or attempts or threatens to do the same[.]" 18 Pa.C.S. § 2709(a)(1).

Specifically, Appellant contends that the Commonwealth did not prove beyond a reasonable doubt that he had the specific intent to "harass, annoy or alarm." Appellant's Brief at 18. He contends that there was an argument between him and Teeple, which "got somewhat heated" with S.T.P., and "[t]here was a push." ***Id***.

Appellant's act of pushing S.T.P. is sufficient to sustain his harassment conviction. This conduct, if believed by the fact-finder, permitted "the fact finder to infer a specific intent … [of] conduct … of a non-legitimate nature—conduct which is not constitutionally protected." ***Commonwealth v. Miller***, 689 A.2d 238, 242 (Pa. Super. 1997). Accordingly, we hold the evidence was sufficient to sustain Appellant's harassment conviction against S.T.P.

Appellant next contends that because he was acquitted of simple assault, the verdicts for harassment and EWOC cannot stand because they were based on the same conduct. *See* Appellant's Brief at 15, 18-21.

In addressing an issue regarding potentially inconsistent verdicts, we are mindful of the following.

> The question before us implicates the general issue of inconsistent verdicts, which, under longstanding federal and state law, are allowed to stand so long as the evidence is sufficient to support the conviction. In affirming a verdict of aggravated assault and battery, despite the jury's acquittal of the accused on a separate count of assault and battery, this Court reiterated that "[a]n acquittal cannot be interpreted as a specific finding in relation to some of the evidence." *Commonwealth v. Carter*, 444 Pa. 405, 282 A.2d 375, 376 (1971) (citation omitted).

*Commonwealth v. Miller*, 35 A.3d 1206-08 (Pa. 2012) (some internal quotations and citations omitted).

First, we have already determined that the evidence was sufficient to sustain Appellant's convictions for EWOC and harassment. Moreover, a review of the elements for these crimes reveals that the verdicts of the jury and trial court were not inconsistent.

Appellant was charged with EWOC, simple assault, and harassment with respect to S.T.P. for allegedly pushing S.T.P. "into a storm door causing him to strike his head on the door causing swelling above his right eye." N.T., 9/9/2014, at 109. The statute governing simple assault provides, in relevant part, that "a person is guilty of assault if he: (1) attempts to cause

or intentionally, knowingly or recklessly causes bodily injury to another[.]" 18 Pa.C.S. § 2701(a)(1).

Clearly, simple assault requires a finding that Appellant either attempted to cause or did cause "bodily injury." 18 Pa.C.S. § 2701(a)(1). Neither EWOC nor harassment requires a finding of intent to cause bodily injury; rather, EWOC requires a finding of knowingly "violating a duty of care, protection, or support," while harassment requires mere "physical contact" or threat of it. 18 Pa.C.S. §§ 4304(a)(1) and 2709(a)(1). Based on the plain reading of these statutes, we hold that the verdicts in this case are not inconsistent.[2]

Appellant next challenges the sufficiency of the evidence to sustain his conviction of simple assault with Teeple as the victim. Appellant's Brief at 16-17. Appellant argues that there was "no evidence that Teeple sustained pain" or any physical injury beyond some minor scratches. *Id*. at 17.

---

[2] *See Miller*, *supra* at 1212 (holding "second-degree murder does not require, as an element of the crime, the completion of the predicate offense"); *Cf. Commonwealth v. Maglioccio*, 883 A.2d 479 (Pa. 2005) (holding that where Commonwealth charged Maglioccio with ethnic intimidation by committing the offense of terroristic threats, and a jury acquitted Magliocco of terroristic threats, the verdict of guilty for ethnic intimidation was reversible as it was inconsistent where terroristic threats were an element of the crime of ethnic intimidation); *but see Commonwealth v. Moore*, 103 A.3d 1240, 1250-51 (Pa. 2014) (Saylor, J. concurring) ("[A]fter *Miller's* issuance, it should be reasonably clear that *Magliocco* has been effectively limited to its facts.").

With respect to the elements of Section 2701(a)(1), we have observed:

[T]he Commonwealth's burden [to prove] simple assault is to show [that the defendant] attempt[ed] to cause, or intentionally, knowingly or recklessly cause[d] bodily injury to another. "Bodily injury" is defined as impairment of [a] physical condition or substantial pain. **The Commonwealth need not establish that the victim actually suffered bodily injury; rather, it is sufficient to support a conviction if the Commonwealth establishes an attempt to inflict bodily injury.** A person commits criminal attempt when he [or she] intentionally does any act which constitutes a substantial step toward commission of a specific crime. The intent for attempt may be shown by circumstances which reasonably suggest that a defendant intended to cause injury. ***Commonwealth v. Repko***, 817 A.2d 549, 556 (Pa. Super. 2003), overruled in part on other grounds, ***Commonwealth v. Matthews***, 870 A.2d 924 (Pa. Super. 2005) (quotation and citations omitted).

In ***Repko***, we determined that the evidence was sufficient to support a conviction under Section 2701(a)(1) where the evidence established that, following an argument, the defendant confined his fiancée in a headlock while carrying a shotgun in his other hand, and where the fiancée struggled to free herself from the headlock. ***Id***. at 557.

***Commonwealth v. Emler***, 903 A.2d 1273, 1277 (Pa. Super. 2006) (emphasis added).

Accordingly, Appellant's argument that the evidence was insufficient to sustain his simple assault conviction because Teeple did not sustain bodily injury is unavailing. The Commonwealth did not need to prove bodily injury; rather, it needed to prove that Appellant attempted to cause bodily injury.

- 10 -

Teeple's testimony gave the jury reasonable cause to believe that Appellant attempted to cause bodily injury to Teeple. She testified that Appellant "punched" her with his "fist" causing an injury to her lip. N.T., 9/9/2014, at 37. She further testified that while she was standing at the top of the stairs, Appellant reached for her face and scratched her. *Id*. at 38. A jury could infer reasonably that Appellant attempted to cause bodily injury to Teeple. Thus, Appellant is not entitled to relief for his simple assault conviction with Teeple as the victim.

Appellant's final argument is that his sentences are "harsh and unreasonable and an abuse of discretion." Appellant's Brief at 21. Appellant recognizes that this argument implicates the discretionary aspects of his sentence. *Id*. at 11. Appellant also acknowledges the following: "The Appellant did not raise this as an issue in his Motion for Reconsideration of Sentence, but he did raise it in his concise statement of matters complained of on appeal. He argues that this issue should not be considered waived." *Id*. at 12.

It is well-settled that "issues challenging the discretionary aspects of sentencing must be raised in a post-sentence motion or by raising the claim during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived." ***Commonwealth v. Reeves***, 778 A.2d 691, 692 (Pa. Super. 2001). Thus, we are unable to review

Appellant's discretionary aspects of sentencing issue despite his attempt to preserve the claim in his concise statement. Accordingly, Appellant is not entitled to relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/7/2015