J-S46027-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ALEXANDRIA M. H. ROBERSON | |
| Appellant | No. 1681 MDA 2016 |

Appeal from the Judgment of Sentence July 26, 2016
In the Court of Common Pleas of Cumberland County
Criminal Division at No(s): CP-21-CR-0001578-2015

BEFORE:  BOWES, OLSON, JJ. and STEVENS, P.J.E.*

MEMORANDUM BY OLSON, J.:                   **FILED AUGUST 17, 2017**

Appellant, Alexandria M. H. Roberson, appeals from the judgment of sentence entered on July 26, 2016, as made final by the denial of her post-sentence motion on October 6, 2016.  We affirm.

The factual background and procedural history of this case are as follows.  On April 13, 2015, Corporal Joshua Bucher of the Carlisle Borough Police Department was on foot patrol when he observed Appellant operating a gas-powered bike on North Pitt Street.  Corporal Bucher also observed Appellant's seven-year-old daughter riding on the front handlebars of the bike.  Corporal Bucher and a nearby officer stopped Appellant.

_____

* Former Justice specially assigned to the Superior Court.

Appellant was charged, via criminal information, with recklessly endangering another person,[1] endangering the welfare of a child,[2] and driving under suspension.[3]  On June 13, 2016, the trial court found Appellant guilty of all three charges.  On July 26, 2016, the trial court sentenced Appellant to an aggregate term of 30 days to six months' imprisonment.  On August 5, 2016, Appellant filed a post-sentence motion.  On October 6, 2016, the trial court denied the motion.  This timely appeal followed.[4]

Appellant presents one issue on appeal:

> Did the [trial] court err in [rendering] the verdict after the [C]ommonwealth failed to present evidence sufficient to establish that [Appellant] knowingly endangered the welfare of her child beyond a reasonable doubt?

Appellant's Brief at 7 (complete capitalization omitted).

Appellant argues that the evidence was insufficient to support a guilty verdict for endangering the welfare of her child.  "Whether sufficient evidence exists to support the verdict is a question of law; our standard of

---

[1]  18 Pa.C.S.A. § 2705.

[2]  18 Pa.C.S.A. § 4304(a)(1).

[3]  75 Pa.C.S.A. § 1543(a).

[4]  On October 12, 2016, the trial court ordered Appellant to file a concise statement of errors complained of on appeal ("concise statement").  **See** Pa.R.A.P. 1925(b).  On October 27, 2016, Appellant filed her concise statement.  On December 19, 2016, the trial court issued its opinion pursuant to Rule 1925(a).  Appellant's lone issue was included in her concise statement.

review is *de novo* and our scope of review is plenary." ***Commonwealth v. Walls***, 144 A.3d 926, 931 (Pa. Super. 2016), *appeal denied*, 470 EAL 2016 (Pa. Feb. 23, 2017) (citation omitted). "In assessing Appellant's sufficiency challenge, we must determine whether, viewing the evidence in the light most favorable to the Commonwealth as verdict winner, together with all reasonable inferences therefrom, the trier of fact could have found that the Commonwealth proved [each] element of the crime beyond a reasonable doubt." ***Commonwealth v. Ansell***, 143 A.3d 944, 949 (Pa. Super. 2016) (citation omitted). "The evidence need not preclude every possibility of innocence and the fact-finder is free to believe all, part, or none of the evidence presented." ***Commonwealth v. Ford***, 141 A.3d 547, 552 (Pa. Super. 2016) (citation omitted).

An individual is guilty of endangering the welfare of a child if he or she, as a parent, guardian, or other person supervising the child's welfare, "knowingly endangers the welfare of the child by violating a duty of care, protection, or support." 18 Pa.C.S.A. § 4304(a)(1). "Whether particular conduct falls within the purview of the statute is to be determined within the context of the 'common sense of the community.'" ***Commonwealth v. Retkofsky***, 860 A.2d 1098, 1099 (Pa. Super. 2004), *quoting* ***Commonwealth v. Mack***, 359 A.2d 770, 772 (Pa. 1976). To determine whether the accused acted knowingly, this Court employs a three-prong test. The accused: (1) must be aware of his or her duty to protect the child;

(2) must be aware that the child is in circumstances that could threaten the child's physical or psychological welfare; and (3) either must have failed to act or must have taken action so lame or meager that such actions cannot reasonably be expected to protect the child's welfare. **Commonwealth v. Wallace**, 817 A.2d 485, 490 (Pa. Super. 2002), *appeal denied*, 833 A.2d 143 (Pa. 2003) (citations omitted).

Here, Appellant challenges the intent element of her conviction for endangering the welfare of a child. Appellant alleges that she did not "knowingly" place her daughter in a situation that would threaten her welfare. Specifically, Appellant argues that her "conduct and arrest suggest that she did not realize that what she was doing was practically certain to result in the endangerment of her child." Appellant's Brief at 9. In other words, Appellant contends that the Commonwealth failed to prove the second prong of the test set forth in **Wallace**.

In **Retkofsky**, this Court decided a similar issue. Retkofsky was charged with endangering the welfare of his son after fleeing the police on an all-terrain-vehicle (ATV) with his son on the back. **Retkofsky**, 860 A.2d at 1099. Retkofsky argued the Commonwealth failed to prove he knowingly placed his son in a situation that would threaten the child's physical or psychological welfare. In concluding the evidence was sufficient to support a finding that Retkofsky knowingly endangered his son, this Court reasoned "[i]t would have taken only a trivial event, such as a child or pet darting

from the side of the road in front of the ATV, to precipitate a vehicular swerve and/or crash, with the likely result of injury to appellant's barely-protected son." *Id.* 1101. This Court concluded that Retkofsky "was surely aware of these dangers inherent to the circumstances in which he knowingly placed his son." *Id.*

In this case, Appellant drove a motorized bike with her child riding unsecured on the front handlebars down a busy residential street. N.T., 10/13/2016, at 7. Neither Appellant, nor her daughter, was wearing a helmet or any protective gear. *Id.* at 6. The motorized bike was not equipped with turn signals, brake lights, or headlights, and was not legal to operate on a roadway. *Id.* at 12-13. Further, Appellant was swerving between the road and the sidewalk.[5] *Id.* at 6. Thus, as in *Retkofsky*, Appellant in this case surely was aware of the dangers inherent to the circumstances in which she knowingly placed her daughter.

Appellant analogizes this case to *Commonwealth v. Miller*, 600 A.2d 988 (Pa. Super. 1992). In *Miller*, a mother left her baby at home when the child's father told her that a neighbor would babysit. *Id.* at 989. The father had in fact not spoken to the neighbor, and the child was left unattended. *Id.* Subsequently, the electric heater in the child's room caught on fire, killing the infant. *Id.* This Court found that while the mother did exercise

---

[5] These facts show why Appellant's attempt to distinguish *Retkofsky* is unpersuasive. Appellant was driving illegally and in an unsafe manner.

J-S46027-17

poor judgment, she did not knowingly leave the child unattended, thereby endangering him. *Id.* at 991. Appellant argues the same logic applies in this case. Appellant contends "[a]lthough it may not have been the best choice for [Appellant] to allow her daughter to ride [] on her bike, riding slowly with her daughter near her residence in broad daylight does not suggest that she was knowingly endangering her child." Appellant's Brief at 11. However, Appellant's reliance on *Miller* is misplaced. In this case, Appellant's daughter was in her custody and Appellant placed her on the handlebars of the bike without a helmet. Thus, Appellant was clearly aware of the unsafe circumstances in which she knowingly placed her daughter.

Therefore, the trial court reasonably inferred Appellant knowingly placed her daughter in a dangerous situation. *See Commonwealth v. Moore*, 395 A.2d 1328, 1332 (Pa. Super. 1978) (finding the trier of fact can infer knowledge from circumstantial evidence in a prosecution for endangering the welfare of a child). Accordingly, we conclude there was sufficient evidence to convict Appellant of endangering the welfare of her child.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/17/2017

- 6 -