Commonwealth *v.* Marlin, Appellant.

Submitted September 13, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Robert S. Glass,* for appellant.

*John Woodcock, Jr.,* Assistant District Attorney, and *Amos Davis,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, November 23, 1971:
Judgment of sentence affirmed.

---

DISSENTING OPINION BY HOFFMAN, J.:
This is an appeal from a conviction for contributing to the delinquency of a minor.

At trial the court charged the jury as follows:

"Any person who contributes to the delinquency of any child to whom the jurisdiction of any juvenile court within this Commonwealth has attached or shall hereafter attach or who knowingly assists or encourages such child in violating his or her parole or any order of the said court shall be guilty of a misdemeanor. . . . Contributing to delinquency is also a broad term involving conduct toward a child in an unlimited variety of ways which tends to produce or encourage *or to continue the conduct* of the child which would amount to delinquent conduct." (Emphasis supplied.)

After the jury had been excused, the court explained this charge to appellant during the course of his argument on post-trial motions: "If you recall, in your testimony you said you knew this girl was a delinquent and yet you didn't report it to the authorities. That's

enough. The law requires you to report it to the authorities. . . . There is no question about it. You in your own testimony acknowledged that you did not tell the authorities that you knew about her being a delinquent, of her being under the jurisdiction of the Court. You, yourself, said so. . . . You know that, well, that was enough." After a careful review of the record, I am satisfied that the jury understood the trial court's charge to mean exactly what the trial court said during argument on post-trial motions.

In this appeal, appellant maintains that an adult's failure to inform the authorities of the whereabouts of a delinquent child does not make the adult guilty of contributing to the delinquency of a minor, as the law imposes no such affirmative duty. The offense of contributing to the delinquency of a minor is not statutorily defined other than for the general proviso that "[A]ny person who contributes to the delinquency of any child . . ." is guilty of a crime. The Act of June 2, 1933, P. L. 1433, Sec. 20, 11 P.S. 262.

This language, however, should be read in the light of that provision of the Juvenile Court Act which grants jurisdiction to the Juvenile Court "Of all cases of adults charged with contributing to, or encouraging, or tending to cause, by any act of omission or commission, the delinquency . . . of any child." The Act of June 2, 1933, P. L. 1433, §2, as amended, 11 P.S. §244. Accordingly, it was stated in dicta in *Commonwealth v. Stroik*, 175 Pa. Superior Ct. 10, 102 A. 2d 239 (1954) that "contributing to the delinquency may be by either acts or omissions" (citing *People v. Calkins*, 119 P. 2d 142, 144 (Cal. 1941)).

No explanation of what constitutes a criminal act of omission in this context is found in any Pennsylvania appellate case. It is apparent, however, that under Section 2 of the Juvenile Court Act, an act of omission, in order to be criminal, must either encourage the

minor to become delinquent or otherwise promote his delinquency. Indeed, in *Stroik,* where the appellant had been convicted of contributing to the delinquency of a minor, it was clear that the mere failure of the appellant to report a minor who he knew was a runaway truant was not sufficient to warrant the appellant's conviction. Our Court only affirmed that conviction after first listing various affirmative acts performed by the appellant which promoted the delinquency of the minor. We held that such acts "if not separately, at least taken together, represents conduct toward these children which undoubtedly contributed to their delinquency." 175 Pa. Superior Ct. at 16, 102 A. 2d at 242.

Accordingly, no duty is imposed upon a person who learns of a minor's delinquency to report the minor to the proper authorities. This view is also supported by an analysis of *People v. Calkins,* supra, and the cases cited therein. In *Calkins* the appellant was convicted of contributing to the delinquency of a minor and the conviction was affirmed after it was shown that the appellant had actually harbored the minor. With respect to the liability of one who omits to do an act, the Court only held that "[t]he prosecutor establishes his case when he proves acts or omissions on the part of the defendant which tends to cause or encourage the minor to lead an idle, dissolute, lewd or immoral life."

In the instant case, the charge of the trial court was confusing and misleading.[1] The jury should have been instructed that if the appellant did no more than fail

---

[1] The trial court's charge was apparently taken from language used in *Commonwealth v. Stroik,* supra. As indicated, on its face this language was correct, but the trial court was under a duty to explain the abstract concepts contained therein, particularly where, as here, the jury requested additional instructions during the course of its deliberation.

to report a minor whom he knew to be a runaway truant, he would have to be found not guilty.[2]

I would reverse the judgment of sentence and order a new trial.

SPAULDING, J., joins in this dissenting opinion.

---

[2] Appellant contended at trial that he had no immoral contact with the minor and that she was harbored by others over whom he had no control.