J-S60023-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID LAWRENCE BELINDA | : | |
| | : | |
| Appellant | : | No. 1018 MDA 2019 |

Appeal from the Judgment of Sentence Entered June 20, 2019
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0005016-2018

BEFORE: SHOGAN, J., STABILE, J., and PELLEGRINI, J.[*]

MEMORANDUM BY SHOGAN, J.: **FILED MARCH 11, 2020**

Appellant, David Lawrence Belinda, appeals from the judgment of sentence entered on June 20, 2019, in the Berks County Court of Common Pleas. Because we conclude that Appellant waived his lone issue on appeal, we affirm.

The record reveals that on December 7, 2018, the Commonwealth charged Appellant with the crimes of burglary, criminal trespass, simple assault, and attempt to commit criminal mischief.[1] Information, 12/7/18. On February 21, 2019, the case was listed for a jury trial; however, on June 19,

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 3502(a)(1)(i), 3503(a)(1)(ii), 2701(a)(1), and 901(a), respectively. On June 19, 2019, the trial court granted the Commonwealth's motion to amend the information. The charge of attempt to commit criminal mischief was amended to a count of criminal mischief under 18 Pa.C.S. § 3304(a)(2). Order, 6/19/19.

2019, the Commonwealth informed the trial court that it had reached a negotiated plea agreement with Appellant. Appellant agreed to plead guilty to one count of simple assault in exchange for a sentence of time-served to twenty-three months of incarceration. Statement Accompanying Defendant's Request to Enter a Guilty Plea, 6/19/19, at 1-4; N.T., 6/19-20/19, at 3.

Prior to accepting the guilty plea, the trial court conducted a colloquy on the record. N.T., 6/19-20/19, at 3-6. During the oral colloquy, Appellant informed the trial court that he understood the charge of simple assault and admitted to the facts underlying that charge. *Id.* Appellant stated that he was aware that by pleading guilty, he was surrendering certain rights, including the presumption of innocence, the right to a jury trial, and the right to file pretrial motions. *Id.* at 4. The trial court asked Appellant if he was pleading guilty of his own free will, satisfied with his counsel's representation, understood the range of sentences available, and aware of his limited appeal rights. *Id.* at 5-6. The trial court also inquired if Appellant understood that the trial court was not bound by the plea agreement. *Id.* at 5. Appellant answered these questions in the affirmative, and he agreed to the terms of the guilty plea. *Id.* at 6. Appellant also completed a written guilty-plea colloquy. Statement Accompanying Defendant's Request to Enter a Guilty Plea, 6/19/19, at 1-4.

Following the oral and written colloquies, the trial court concluded that Appellant's guilty plea was knowingly and voluntarily entered, and the matter

J-S60023-19

proceeded to sentencing. N.T., 6/19-20/19, at 6. The trial court then advised

Appellant of his right to allocution, and the following exchange occurred:

> [The trial court]: [Appellant], you have the right of allocution …. Is there anything that you want to say at this time?
>
> [Appellant]: I just want to say you're welcome.
>
> [The trial court]: Say what?
>
> [Appellant]: I just want to say you're welcome for your victory.
>
> [The trial court]: All right. Bring the jury panel up now. I'm not going to put up with nonsense like this and game playing.

N.T., 6/19-20/19, at 8.

The trial court withdrew Appellant's guilty plea *sua sponte* pursuant to

Pa.R.Crim.P. 591(A), and the case proceeded to trial. Following a two-day

trial, the jury acquitted Appellant of burglary, but it found him guilty of

criminal trespass, simple assault, and criminal mischief. After the verdict and

prior to sentencing, the trial court permitted Appellant to address the court.

> [The trial court]: Is there anything that you want to say at this time?
>
> [Appellant]: I did not know saying you're welcome for the victory was a sign of saying I want to go to trial. That was congratulating you guys on me conceding that you guys won, that I conceded to the decision. I did not say I wanted to go to trial at any time --
>
> [The trial court]: Well --
>
> [Appellant]: -- Your Honor.
>
> [The trial court]: -- the thing that influenced the [trial court] at that point was your utter lack of any showing of remorse and the

- 3 -

cynical, snide expressions that you used, and it was to the [trial court] in declaration that you didn't do any of these things and, you know, you were just taking it easy on everybody else.

N.T., 6/19-20/19, at 241-242. Following this exchange, the trial court sentenced Appellant to an aggregate term of twenty-eight months to twelve years of incarceration. *Id.* at 243-244. Appellant did not file post-sentence motions. Appellant filed a timely notice of appeal, and both Appellant and the trial court complied with Pa.R.A.P. 1925.

On appeal, Appellant presents one issue:

1. Whether the trial court erred for failing to accept the Appellant's negotiated guilty plea and sentence after Appellant uttered the words "You're welcome[,]" at the time of his allocution?

Appellant's Brief at 4. Our standard of review is as follows:

> Pennsylvania Rule of Criminal Procedure 591(A) provides that, [a]t any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant, or direct, *sua sponte*, the withdrawal of a plea of guilty or *nolo contendere* and the substitution of a plea of not guilty. We will not disturb the trial court's decision to *sua sponte* withdraw a defendant's plea of guilty absent an abuse of discretion. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by ... the record, discretion is abused.

*Commonwealth v. Herbert*, 85 A.3d 558, 561 (Pa. Super. 2014) (internal citations and quotation marks omitted).

As set forth above, the trial court *sua sponte* withdrew Appellant's guilty plea pursuant to Pa.R.Crim.P. 591(A), and the case was tried before a jury.

Appellant did not object. It was not until the time of sentencing that Appellant asserted any complaint of having his plea withdrawn by the court and proceeding to trial. As noted above, Appellant remarked: "I did not know saying you're welcome for the victory was a sign of saying I want to go to trial. [I] was congratulating you guys …. I did not say I wanted to go to trial at any time[.]" N.T., 6/19-20/19, at 241. However, despite this statement, at no time did Appellant lodge a specific objection to the revocation of his guilty plea.

It is well settled that issues that are not raised before the trial court may not be raised for the first time on appeal. Pa.R.A.P. 302(a). Additionally:

> It is well established that trial judges must be given an opportunity to correct errors at the time they are made. *See Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272, 274 (1974). "[A] party may not remain silent and afterwards complain of matters which, if erroneous, the court would have corrected." *Id.*, quoting *Commonwealth v. Marlin*, 452 Pa. 380, 305 A.2d 14, 16 (1973) (citations omitted)[; *see also*] *Commonwealth v. Chimenti*, 362 Pa.Super. 350, 524 A.2d 913, 921 (1987) (issue was waived where defense counsel objected to a question posed by the prosecutor but failed to ask the trial judge to do anything further after the question had been answered).

*Commonwealth v. Strunk*, 953 A.2d 577, 579-580 (Pa. Super. 2008).

Moreover, throughout the proceeding, Appellant was represented by counsel. After the trial court *sua sponte* withdrew the guilty plea, Appellant was tried before a jury where he remained counseled. Rather than lodging a timely and specific objection, Appellant proceeded with a jury trial through to its conclusion and verdict.

As a corollary, guilty pleas are not to be utilized as "sentence-testing" devices. **Commonwealth v. Culsoir**, 209 A.3d 433, 437 (Pa. Super. 2019). In the instant case, rather than timely objecting to the withdrawal of guilty plea, Appellant engaged in "verdict testing." Appellant watched silently as the trial court withdrew the guilty plea, proceeded to a jury trial, and learned the jury's verdict. When Appellant was unhappy with that verdict, he filed an appeal and presented this issue for the first time, well after the trial court could have addressed Appellant's complaint.

Accordingly, Appellant waived his challenge to the *sua sponte* withdrawal of his guilty plea. Because Appellant waived the lone issue on appeal, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judge Stabile joins this Memorandum.

Judge Pellegrini files a Dissenting Memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/11/2020

- 6 -