**[J-111-2020] [OAJC: Todd, J.]**

**IN THE SUPREME COURT OF PENNSYLVANIA**
**WESTERN DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 8 WAP 2020 |
| | : | |
| Appellee | : | Appeal from the Order of the |
| | : | Superior Court entered November |
| | : | 19, 2019 at No. 1281 WDA 2018 |
| v. | : | affirming in part and reversing in |
| | : | part the Judgment of Sentence of |
| | : | the Court of Common Pleas of |
| WAYLYNN MARIE HOWARD, | : | Allegheny County entered August 1, |
| | : | 2018 at No. CP-02-CR-0008615- |
| Appellant | : | 2017. |
| | : | |
| | : | ARGUED:  December 2, 2020 |

**DISSENTING OPINION**

**JUSTICE MUNDY**

I write separately to note my dissent.  The opinion announcing the judgment of the court (OAJC) concludes that the evidence presented by the Commonwealth was insufficient to sustain Mother's conviction under our EWOC statute because it failed to prove that Mother knowingly endangered her child.  However, based on the requisite standards germane to our EWOC statute, I submit the evidence presented by the Commonwealth was more than sufficient to sustain Mother's conviction.  Accordingly, I respectfully dissent.

The OAJC aptly explains that under the Commonwealth's EWOC statute, one standard pertinent to a determination of guilt is the common sense of the community. This standard states that the determiner of guilt must consider whether one's actions violate the community's "sense of decency, propriety and the morality which most people entertain."  *Commonwealth v. Lynn*, 114 A.3d 796, at 818 (Pa. 2015) (citations omitted).

In my opinion, Mother's failure to secure her three-year-old toddler in a car seat or at least fasten the seatbelt restraint or at a very minimum sit with her toddler in the backseat, is sufficient to meet this standard. Even considering the situation in which Mother found herself, it seems intuitive that she could have utilized at least one of these safety measures. While I question whether any sensible community would find it acceptable for parents to travel with toddlers in a car without a car seat, it should require parents to, at a minimum, avail themselves of reasonable safety precautions, especially on behalf of their children.

I am further influenced that the common sense standard necessitates the buckling up a young child in a car seat since the Commonwealth's EWOC statute is articulated with the intention of criminalizing conduct "producing or tending to produce a [c]ertain defined result." *Lynn*, 114 A.3d at 828 (quoting *Commonwealth v. Marlin*, 305 A.2d 14, 18 (Pa. 1973)). The *Lynn* decision highlighted the fact that our EWOC statute is "protective in nature, and must be construed to effectuate its broad purpose of sheltering children from harm." *Id.* at 818 (citing *Commonwealth v. Mack*, 359 A.2d 770, 772 (Pa. 1976)). In my opinion, the very fact that child was alone unrestrained in the backseat of a car during a car accident is proof enough that a car seat, a seat belt, or parent supervision in the back seat with the toddler should have been employed. The Mother's failure to take obvious and prudent steps to avoid danger in the unlikely but ever-present possibility of a car accident resulted in placing her toddler in a situation of avoidable harm. This seems like the very type of conduct the Commonwealth's broad, protective statute should encompass. As was pointed out by the courts below, the odds of this event happening, despite any well-meaning parent's best intentions, are "high enough." N.T. Trial, 8/1/18, at 12-13. Indeed, Mother's own counsel conceded that "as a general matter, accidents happen every day, particularly on Route 28." N.T. Trial, 8/1/18, at 18. Mother

herself acknowledged, albeit after the accident occurred, her apprehension that child could have been seriously injured. Stipulated Affidavit of Probable Cause, at p. 1.

Based on the expansive nature of the EWOC statute, I am not persuaded like the OAJC, that Section 4581 should alter the framework in which we view today's issue. The OAJC cogently acknowledges that Section 4581 applies only to drivers of vehicles, and thus has no bearing on the current situation. OAJC at fn. 18.[1] However, the OAJC continues on to observe that a driver's violation of Section 4581 for failing to place a child in a car seat is inadmissible as evidence in any other criminal proceeding, save for a summary offense proceeding. OAJC at 18 ("As a result, had Mother been driving the vehicle in which Child was riding unrestrained, Mother could not have been charged with endangering the welfare of Child based solely on her failure to fasten Child in a car seat."). The OAJC's legal analysis is correct in its proposed hypothetical, though it does not contemplate what may happen when a driver places a toddler alone in the back seat unrestrained without any supervision. I submit this would be enough to sustain a conviction for many of the same reasons as above. In my opinion, the parent's status as a driver or passenger may change the applicability of the Motor Vehicle Code, but it does not change the endangerment faced by a three-year-old toddler when placed alone in a back seat without the protection of at least a seat belt or an adult to hold and supervise the child in the moving vehicle.

Mother attempts to downplay the importance of a young child wearing a seat belt. In her brief, she even goes so far as to suggest that placing child in a seat belt would have been dangerous. Appellant's Brief at 51-53. I agree with the Commonwealth that this argument is attenuated. Even where restraints are not completely effective, it still would provide a level of protection beyond what was provided. In terms of our

---

[1] As the OAJC notes, this argument was not raised or preserved in the lower courts.

jurisprudence, it would have demonstrated Mother's desire to avoid imperiling circumstances that are certain to result in the creation of a dangerous situation.

I agree with the OAJC that the recent proliferation of rideshare services warrants the enactment of clear laws regarding a parent's duty of care, especially as it pertains to car seats. OAJC at fn.20. I sympathize that parents may be in a precarious position when attempting to travel with a child, finding themselves in a situation where it is difficult to procure a car seat. Failure to do so, however, should not excuse logical mitigating steps for child safety.

Today's OAJC sets forth a clear rule of law in an area of our jurisprudence that lends itself to varying results. However, I am unable to join the OAJC decision because I believe the Commonwealth supplied sufficient evidence to sustain a finding of guilt under Section 4304(a)(1). Even without a car seat, Mother could have restrained her child a different way, such as sitting in the backseat and holding the child, or using a seat belt. Since she did not, I am constrained to find the Superior Court's conclusion was appropriate. Accordingly, I dissent.