J-S28013-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SEAN GENTLE | : | |
| | : | |
| Appellant | : | No. 296 EDA 2021 |

Appeal from the PCRA Order Entered December 28, 2020
In the Court of Common Pleas of Northampton County Criminal Division
at No(s): CP-48-CR-0002336-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SEAN GENTLE | : | |
| | : | |
| Appellant | : | No. 297 EDA 2021 |

Appeal from the PCRA Order Entered December 28, 2020
In the Court of Common Pleas of Northampton County Criminal Division
at No(s): CP-48-CR-0002339-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SEAN GENTLE | : | |
| | : | |
| Appellant | : | No. 371 EDA 2021 |

Appeal from the PCRA Order Entered December 28, 2020
In the Court of Common Pleas of Northampton County Criminal Division
at No(s): CP-48-CR-0002335-2019

J-S28013-21

MEMORANDUM BY BOWES, J.:                    **FILED NOVEMBER 10, 2021**

Sean Gentle appeals from the denial of his Post-Conviction Relief Act ("PCRA") petition.  After careful review, we affirm.

Appellant's convictions stem from three separate incidents.  The first two cases, CP-48-CR-0002335-19 ("2335") and CP-48-CR-0002336-19 ("2336"), involved his failure to ensure that two of his children received basic medical care.  At 2335, Appellant was charged with endangering the welfare of children ("EWOC") and recklessly endangering another person ("REAP") after he neglected to obtain periodic and basic dental care for his biological daughter, F.G.  ***See*** N.T. Guilty Plea Hearing, 3/2/20, at 11-12.  As a result of Appellant's inaction, F.G. suffered severe dental decay and, when she was seven years old, was forced to have twelve of her teeth extracted.  ***Id***.  At 2336, Appellant was charged with EWOC and REAP after he failed to administer daily seizure, growth hormone, and stroke prevention medication to his step-son, T.F., over a three-month period.  ***Id***. at 13.  Appellant also failed to bring T.F., an eight-year-old cancer survivor, to multiple doctor's appointments.  ***Id***.

The final case at CP-48-CR-0002339-2019 ("2339") involved an assault. On May 27, 2019, Appellant engaged in a drunken "scuffle" with his neighbor, Dawn Tharpe.  N.T. Guilty Plea Hearing, 3/4/20, at 6.  Appellant concluded the altercation by "throwing [Ms.Tharpe] off of the concrete sidewalk," which

_____

[*] Retired Senior Judge assigned to the Superior Court.

- 2 -

led to Ms. Tharpe sustaining a concussion. Appellant was arrested and charged with simple assault and harassment and his bail was also revoked in the other two then-pending cases.

On March 2, 2020, Appellant entered negotiated guilty pleas at both cases involving his children. At 2335, Appellant pled guilty to EWOC. In exchange, the Commonwealth *nolle prossed* the REAP charge and did not object to Appellant receiving work release. The trial court accepted the guilty plea and issued the agreed-upon sentence of six to twenty-three months of incarceration. The court also ordered Appellant to pay a $500 fine, complete parenting classes and abide by Children and Youth, Services ("CYS") requirements, and granted "work release if you otherwise qualify." N.T. Guilty Plea Hearing, 3/2/20, at 19. At 2336, Appellant pled guilty to REAP and the Commonwealth *nolle prossed* the EWOC charge. The trial court entered the agreed-upon sentence of two years of probation. The court also ordered Appellant to pay the costs of prosecution and a fine of $250, and to abide by the same conditions imposed in 2335.[1]

---

[1] At CP-48-CR-3921-2019, Appellant also entered a negotiated guilty plea to harassment for pushing Kelly Jo Ford, his wife, co-defendant, and the mother of F.G. and T.F., into a wall. **See** N.T. Guilty Plea Hearing, 3/2/20, at 14. The court sentenced Appellant to pay a fine of $300 and the costs of prosecution. **Id**. at 20. Appellant did not challenge this conviction in his PCRA petition.

On March 4, 2020, Appellant entered a negotiated guilty plea to simple assault at 2339.[2]  In exchange, the Attorney General's Office withdrew the harassment charge.  The trial court accepted the plea agreement and immediately proceeded to sentencing.  The court ordered Appellant to serve six to twenty-three months of incarceration, have no contact with the victim, avoid alcohol while on parole, and submit to random urine screens.  The court further granted immediate work release.  N.T. Guilty Plea Hearing, 3/4/20, at 10.  In accordance with the plea agreement, the court ran this sentence concurrently with the term of incarceration imposed on March 2, 2020.  *Id*. Appellant was recommended for work release, but was ultimately unable to qualify.  *Id*. at 8-10.

Appellant did not file a post-sentence motion, a motion to withdraw his guilty plea, or a direct appeal.  On April 24, 2020, Appellant filed a *pro se* PCRA petition raising claims of ineffective assistance of counsel and challenging the legality of his sentence.  Appointed counsel filed an amended petition.  On December 28, 2020, the PCRA court held an evidentiary hearing, at which Appellant and trial counsel testified.  After receiving and reviewing post-hearing briefs, the PCRA court entered an order denying relief.

_____

[2] While part of the same negotiated plea agreement, the Office of the Attorney General handled the assault case due to a conflict with the Northampton District Attorney's Office.  This hearing occurred two days later because the representative from the Attorney General's Office was unavailable on the original hearing date.

Appellant filed separate, timely notices of appeal at each case listed above and complied with the trial court's order to submit Pa.R.A.P. 1925(b) concise statements at each case. The trial court issued its opinion. At Appellant's request, we consolidated his three appeals.

Appellant raises the following issue for our review: "Whether the PCRA Court erred in denying the requested relief where ineffective assistance of counsel caused [Appellant] to enter an involuntary and unknowing plea?" Appellant's brief at 4.

We begin with a discussion of the pertinent legal principles. Our "review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." **Commonwealth v. Mason**, 130 A.3d 601, 617 (Pa. 2015) (quoting **Commonwealth v. Hanible**, 30 A.3d 426, 438 (Pa. 2011)). Similarly, "[w]e grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions." **Commonwealth v. Dozier**, 208 A.3d 1101, 1103 (Pa.Super. 2019) (quoting **Commonwealth v. Brenner**, 147 A.3d 915, 919 (Pa.Super. 2016)). "[W]here the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary." **Commonwealth v. Pew**, 189 A.3d 486, 488 (Pa.Super. 2018) (citation omitted). Finally, we "may affirm a PCRA

court's decision on any grounds if the record supports it." **Commonwealth v. Smith**, 194 A.3d 126, 132 (Pa.Super. 2018) (citation omitted).

In reviewing claims of ineffectiveness, counsel is presumed to be effective, and a PCRA petitioner bears the burden of proving otherwise. **Commonwealth v. Becker**, 192 A.3d 106, 112 (Pa.Super. 2018). To do so, the petitioner must plead and prove (1) the legal claim underlying his ineffectiveness claim has arguable merit; (2) counsel's decision to act (or not) lacked a reasonable basis designed to effectuate the petitioner's interests; and that (3) prejudice resulted. **Id**. The failure to establish any one of these three prongs is fatal to a petitioner's claim. **Id**. at 113.

The right to effective assistance of counsel extends to counsel's role in advising his client to enter a guilty plea. **See Commonwealth v. Wah**, 42 A.3d 335, 338 (Pa.Super. 2012). However,

> [a]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

**Id**. at 338-39 (cleaned up). Thus, to establish prejudice, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." **Commonwealth v. Rathfon**, 899 A.2d at 365, 369-70 (Pa.Super. 2006).

Appellant maintains that he was forced into pleading guilty because counsel did not adequately prepare for trial. In support of this argument, alleges that counsel was ineffective for: (1) not filing a pretrial motion challenging the charges involving T.F. on the grounds that Appellant had no duty of care to T.F.; (2) declining to hire a medical expert to review the medical records and testify on behalf of the defense at trial; (3) not hiring an investigator to obtain surveillance video of the assault; and (4) erroneously promising Appellant his sentence would not include probation. *See* Appellant's brief at 9-11, 17-25. For the reasons that follow, we conclude that Appellant's arguments warrant no relief.

As to the first sub-claim, trial counsel testified that he reviewed the discovery and did not see any "viable" pretrial motions. *See* PCRA Hearing, 11/9/20, at 80. The PCRA court agreed with trial counsel. *See* PCRA Opinion, 2/23/21, at 3. The record supports the PCRA court's conclusion that a pretrial motion to challenge Appellant's duty of care to T.F. would not have been successful.

In order to sustain a conviction of endangering the welfare of a child, the Commonwealth was required to prove that Appellant was "a parent, guardian, or other person supervising the welfare of a child under [eighteen] years of age" and that he "knowingly endanger[ed] the welfare of a child by violating a duty of care, protection or support." 18 Pa.C.S. § 4304(a)(1). Since the purpose of the statute is defensive, we have repeatedly interpreted

it "to cover a broad range of conduct in order to safeguard the welfare and security of our children." ***Commonwealth v. Lynn***, 114 A.3d 796, 818 (Pa. 2015) (quoting ***Commonwealth v. Marlin***, 305 A.2d 14, 18 (Pa. 1973)).

Herein, Appellant admitted that he resided with T.F. and, along with T.F.'s mother, assumed responsibility for his care. ***See*** N.T. Guilty Plea, 3/2/20, at 14. Specifically, Appellant contended that he needed immediate work release because he provided the "sole means of support for these kids, even the step-child." ***Id***. at 15. At sentencing, Appellant also discussed his children, his willingness to take parenting classes, and goal of reunification. ***Id***. at 15-16. Appellant went into further detail about his parental role during the PCRA hearing, during which he referred to T.F. as his "son," claimed that he was homeschooling the children at the time that the charges arose, and explained that his failure to provide T.F. with life-sustaining medication was the result of a "miscommunication" with his wife. ***See*** PCRA hearing, 11/9/20, at 16, 29. Accordingly, it is clear from Appellant's testimony that he voluntarily assumed a duty of care to T.F.. As such, a pretrial motion challenging his duty of care would have failed, negating the claim that Appellant would not have pled guilty had counsel pursued the motion

Second, Appellant alleges that counsel was ineffective for failing to obtain an expert to review the medical records in T.F. and F.G.'s cases. ***See*** Appellant's brief at 18-19, 22. In order to prove a PCRA claim for failure to call an expert witness, a petitioner must:

prove that an expert witness was willing and available to testify on the subject of the testimony at trial, counsel knew or should have known about the witness and the defendant was prejudiced by the absence of the testimony. Prejudice in this respect requires the petitioner to show how the uncalled witnesses' testimony would have been beneficial under the circumstances of the case. Therefore, the petitioner's burden is to show that testimony provided by the uncalled witness would have been helpful to the defense.

*Commonwealth v. Williams*, 141 A.3d 440, 460 (Pa. 2016) (cleaned up).

At the PCRA hearing, while Appellant opined that expert testimony would have benefited him, he did not identify an expert who was available or willing to testify or explain how such testimony would have benefitted the defense. *See* N.T. PCRA Hearing, 11/9/20, at 14. Accordingly, the PCRA court found that Appellant's claim lacked arguable merit. *See* PCRA Opinion, 12/28/20, at 4. Our review of the record supports both conclusions and Appellant's second sub-claim fails. *See Commonwealth v. Chmiel*, 30 A.3d 1111, 1143 (Pa. 2011) ("The mere failure to obtain an expert rebuttal witness is not ineffectiveness of counsel. A defendant asserting ineffective assistance claim must demonstrate that an expert witness was available who would have offered testimony designed to advance a defendant's case.").

Penultimately, Appellant argues that counsel was ineffective for failing to hire an investigator to obtain a surveillance video. *See* Appellant's brief at 21-22. The PCRA court aptly explained its reasoning for denying this claim as follows:

[Appellant] has failed to offer any evidence that would support a finding that this underlying claim has arguable merit, as there is

no evidence that any surveillance video actually existed or, if it did exist, that it would have been helpful to the defense. We glean from the record that [Appellant], while admitting his actions against the victim in this case, contends that she was the aggressor in initiating the altercation (N.T. [PCRA Hearing,] 11/9/20, 87). [Appellant] appears to believe that surveillance footage of some type – whether private or municipal – may have existed to show the altercation, but he has failed to present any evidence that any footage existed prior to the entry of his plea, or that such footage if displayed to a jury, would have aided the defense. In recalling his inquiry into the existence of such footage, plea counsel testified at the November 2020 hearing, "I don't believe that bore fruit." ([*Id*. at] 87). Whereas [Appellant] has failed to prove that this underlying claim has merit, we cannot conclude that plea counsel was ineffective, and therefore [Appellant's] claim for collateral relief in case CP-48-CR-02339-2019 must also fail.

PCRA Opinion, 12/28/20, at 5. Indeed, PCRA ineffectiveness claims are not self-proving. *See Commonwealth v. Wharton*, 811 A.2d 978, 986 (Pa. 2002). Thus, Appellant's failure to show that surveillance footage existed or explain how he was prejudiced by its absence is fatal to his claim.

Finally, Appellant contends that he was promised work release and no probation if he pled guilty. *See* Appellant's brief at 23. However, Appellant's selective recitation of the record mischaracterizes the record, which, when viewed as a whole, included no promise of work release. While trial counsel asked for it, the Commonwealth did not object, and the trial court recommended that Appellant receive immediate work release, work release was not a term of any of Appellant's plea agreements. *See* PCRA Opinion, 2/23/21, at 5. In fact, when the court recommended Appellant for work release, it cautioned Appellant that its recommendation was not a guarantee,

- 10 -

warning that Appellant must "otherwise qualify." N.T. Guilty Plea Hearing, 3/2/20, at 19. Therefore, the record does not indicate that Appellant was promised work release.

Further, Appellant's denial of work release was not a result of attorney inaction, but because of the COVID-19 pandemic that ensued shortly after he entered his plea. The PCRA court considered this issue and concluded that it could not find counsel ineffective for failing to foresee that a global pandemic would cause the work release program to shut down. *See* PCRA Opinion, 2/23/21, at 4-5. We agree. Just as an attorney cannot be ineffective for failing to anticipate a change in the law, we decline to find trial counsel ineffective for failing to predict that a global pandemic would temporarily halt the work release program. *See Commonwealth v. Hughes*, 865 A.2d 761, 783 n.19 (Pa. 2004) (reiterating that an attorney cannot be ineffective for failing to predict a change in the law).

The record also belies Appellant's contention that he was unaware that his aggregate sentence would include two years of probation. *See* N.T. PCRA Hearing, 11/9/20, at 16-18. At the first guilty plea hearing, the Commonwealth represented that there was an agreed-upon sentence of six to twenty-three months of prison for the EWOC charge and a consecutive two years of probation for the REAP charge. *See* N.T. Guilty Plea Hearing, 3/2/20, at 8-9. During sentencing, the Commonwealth and trial counsel asked for the court to sentence Appellant consistent with the plea bargain. *Id*. at 14, 18.

The court then imposed the "agreed-upon sentence." *Id*. at 19. Appellant, despite being given multiple opportunities to voice any concerns with the plea or agreed-upon sentence, at no time indicated surprise or opposition to any of the terms of the plea bargain. *Id*. at 3-5, 7-8, 13-16. When he appeared two days later for the second part of the plea hearing, Appellant again expressed no confusion over or disagreement with the plea agreement terms.

At the PCRA hearing, Appellant conceded that he sent a letter to his attorney during plea negotiations indicating that he thought a fair plea would be three to six months of incarceration followed by one year of probation. *See* N.T. PCRA Hearing, 11/9/20, at 33. Appellant also admitted that the court informed him that the sentence would include two years of probation before it accepted his guilty plea. *Id*. at 37. Trial counsel testified that the plea offer was communicated to him at formal arraignment and that he discussed the terms with Appellant multiple times. *Id*. at 79 (trial counsel testifying that he had multiple conversations with Appellant regarding the plea offer made at arraignment). Thus, the record contradicts Appellant's claim that he was unaware, prior to the entry of his plea, that he would receive a sentence of probation following a period of incarceration. Accordingly, Appellant's claim fails.

In his final assignment of error, Appellant attacks trial counsel's alleged failure to submit a "desired" post-sentence motion to withdraw his guilty plea. Appellant's brief at 19. The PCRA court disagreed, crediting trial counsel's

testimony that Appellant did not request that he file a post-sentence motion to withdraw the guilty plea, either orally or in writing. *See* PCRA Opinion, 2/23/21 at 6; *see also* N.T. PCRA Hearing, 11/9/20, at 83; *see also* *Commonwealth v. Velasquez*, 563 A.2d 1273, 1275 (Pa.Super.1989) ("[c]laims of ineffectiveness are not sufficient when presented in a vacuum . . .; nor can counsel be deemed ineffective for failing to do what he was not requested to do"). Further, Appellant admitted that he never asked counsel to file a motion to withdraw the guilty plea. *Id*. (citing PCRA Hearing, 11/9/20, at 48). We are bound by the credibility determinations of the PCRA court, particularly where, as here, those findings are supported by the record. *See Commonwealth v. Medina*, 92 A.3d 1210, 1214-15 (Pa.Super. 2014) (citing *Commonwealth v. Spotz*, 18 A.3d 244, 259 (Pa. 2011) ("The PCRA court's credibility determinations, when supported by the record, are binding on this Court.")). Accordingly, this claim also fails. The PCRA court did not err when it denied Appellant's PCRA petition.

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date: 11/10/2021*

- 13 -